**Mable Francis CAMPBELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41152.**

Court of Criminal Appeals of Texas.

April 3, 1968.

Rehearing Denied May 22, 1968.

Wardlaw & Cochran, by George E. Cochran, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., William A. Knapp and Truman Power, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

This is an appeal from an order revoking probation.

Upon a plea of guilty before the court on February 21, 1967, the appellant was found guilty of assault with intent to murder and her punishment was assessed at a term of five years.

The imposition of sentence was suspended and the appellant was placed on probation.

Among the conditions of her probation was that she commit no offense against the laws of this state.

During the period of probation, the Criminal District Attorney filed a motion to revoke probation alleging that appellant had committed the offense of failure to stop and render aid; and that the commission by her of said offense was in violation of a condition of her probation.

On the hearing, evidence was introduced in support of the allegations of the motion to revoke.

Viola Collins testified that on May 13, 1967, she left a cafe, walking, and about two or three feet from the front door she instantly saw a woman with red hair at the steering wheel of a low built, light colored automobile which struck her left leg, broke it in four places, and crushed the bones in her knee, causing her to spend forty-six days in the hospital. Mrs. Collins also testified that after she had been struck she fell to the concrete in front of the automobile

that hit her; that the driver of the automobile said she was trying to hit a man; and that the woman driver of the automobile backed away and immediately left the scene, but did not know in which direction she went. Mrs. Collins stated that she had never before seen the woman driver; that the appellant looked like the woman driving the automobile that hit her—"Same hair and same face"; that the driver never got out of the automobile, gave her any assistance, or offered to take her to a hospital or to a doctor; and that she was in good health and had not been injured in any way before the automobile struck her. On cross-examination the witness Collins testified in part as follows:

"Q  It is your testimony they said, 'I was trying to hit a man,' whoever this party was?

"A  Yes.

"Q  Mrs. Collins, hasn't somebody else told you that since then instead of the person in the car?

"A  No, Bobby Joe Brown said, 'Francis, what are you doing?' She said, 'I was trying to hit some man,' and I seen the man jump out of the way.

"Q  And it is your testimony she saw you?

"A  She must have saw me. She came plumb up against the building."

Harold Wallace testified that while he was across the street from a cafe he heard a noise, and then he saw a red-headed woman back an automobile away from the cafe and speed away. He also stated that the automobile was a pink Thunderbird and bore license number FKF624.

Billy Joe Brown testified that while he was talking to Viola Collins in front of appellant's car, a Thunderbird, which was parked in front of the cafe, the appellant started the car and as she turned her head to look back, the car lunged forward and knocked him upon the hood, and then as the car backed out he slid off the hood. When Brown was asked: "Did the car strike Miss Colllins?", he replied: "I guess so. Yes."

Testifying in her own behalf, the appellant stated that the gear shift on her car would frequently jump out of gear; that when she left the cafe to get in her car "Brown and them" were standing in front of her car; that on backing her car to get out she had trouble with the gear shift and the car ran upon the porch and Brown "jumped off the hood and I seen that he was all right so I left," and that she did not know she had hit Viola Collins until her mother called her later that night.

The testimony of Leroy Baxter and Linda Baxter, who were at the scene at the time in question, corroborates that of the appellant.

Wilma Riggs testified that as she left the cafe she saw the appellant sitting in a car, and while going on toward her car she heard a noise, and on looking back she saw a man upon the hood of the appellant's car, and then the appellant drove away in a normal manner; and that she did not see a woman standing in front of the cafe.

The judge resolved the issues of fact against the appellant, and entered an order finding that the appellant had violated the condition of probation as above set out.

■ On appeal, the review of proceedings in a probation hearing will be limited to a determination of whether the trial judge abused his discretion in revoking the probation. Dunn v. State, 159 Tex.Cr.R. 520, 265 S.W.2d 589; Torres v. State, Tex.Crim. App., 403 S.W.2d 135; Manning v. State, Tex.Crim.App., 412 S.W.2d 656.

■ From a consideration of the record and the evidence, it is concluded that the trial court did not abuse his discretion in revoking the order granting the appellant probation.

The judgment is affirmed.