**Alfred ABSHIRE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41803.**

Court of Criminal Appeals of Texas.

Feb. 19, 1969.

John D. Kirkland, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Frank Price, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is fondling; the punishment, twenty years.

We will summarize the grounds of error raised by appellant's court appointed attorney on appeal. He first contends that the appellant's employed trial counsel was incompetent because he did not interpose the defense of insanity. He next contends that the trial court erred in not granting his motion for new trial and several other motions for hearings, including a motion for psy-

chiatric examination, on the question of appellant's sanity. He has prepared a scholarly brief in support of his contention that such hearings should have been granted on his own sworn motion to reduce sentence which recites, in part:

"The defendant, Alfred Abshire, has previously sought medical attention from psychiatric experts at the Veterans Administration Hospital in an effort to prove his psychological incapacity to commit a crime such as that with which he was charged."

This is the only matter which was presented to the trial court and to this Court showing that appellant is or was of unsound mind.

■ We decline to agree that all indecent fondlers are, per se, of unsound mind. Just because appellant is now indigent does not entitle him to a hearing to see if he can now raise the question of his sanity without some proof to show that a hearing is required.

We find ourselves in accord with a statement found in the State's brief:

"It is submitted that Appellant's court appointed counsel has, by reason of his great diligence, attempted to create error where none is reflected in the record, and that he now protests because the trial court did not join in his effort."

Finding no reversible error, the judgment of the trial court is affirmed.

DOUGLAS, J., not participating.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Presiding Judge.

■ Appellant's able court appointed counsel re-urges his contention that due process required that the trial court grant a post-conviction hearing on whether psychiatric examination should be granted the indigent defendant.

The record reflects that the psychiatric examination was sought for the first time long after sentence was pronounced and notice of appeal was given. The purpose of the hearing requested was primarily to determine "whether Abshire may have been insane at the time of or prior to trial." Another purpose was to find "proof sufficient to satisfy the judge of the convicting court that a reasonable doubt exists as to the sanity of the defendant," in which event a jury would be impaneled to try the issue, and if found insane further proceedings in the case would be stayed and the defendant committed to a mental institution. Art. 46.-02, Sec. 4, Vernon's Ann.C.C.P.

The right of a defendant to a trial on the issue of insanity as a bar to further proceedings as provided in Art. 46.02, Sec. 4, supra, is not foreclosed so long as an appeal is pending.

We again direct attention to the absence of any showing made to the trial court that appellant was insane or had become insane.

Also, the state's brief directed attention to appellant's testimony that he was examined by a psychiatrist but had never seen a report. When asked if he would like to see the report of Dr. Scherer he replied in the affirmative, but upon objection of his trial counsel appellant was not required to answer the question: "And you are aware are you not, that the psychiatrist, in his opinion, he feels you are sane and know the difference between right and wrong?" and the court sustained the objection made by appellant's counsel to any questions pertaining to the psychiatrist's report exhibited to appellant, or to the state's reading from such paper.

We remain convinced that no denial of appellant's constitutional or statutory right in regard to the defense of insanity is shown.

Appellant's motion for rehearing is overruled.

DOUGLAS, J., not participating.