James Thomas **HILTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42223.

Court of Criminal Appeals of Texas.

July 16, 1969.

M. Marvin Katz, of DeLange, Hudspeth, Pitman & Katz, Houston, appointed on appeal only, for appellant.

James C. Brough and Allen L. Stilley, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

Appellant was convicted July 9, 1965 upon his plea of guilty for the offense of burglary. His punishment was assessed at four years. The execution of sentence was suspended, according to the law then in effect, and appellant was granted probation. One of the conditions of probation was that appellant commit no offense against the laws of any state or of the United States. On December 13, 1967, the State filed a motion to revoke probation alleging that appellant committed an offense of passing a forged instrument on July 7, 1967. Appellant was tried and found guilty of the offense of passing a forged instrument on August 21, 1968. The evidence in that trial was before the same judge who granted and revoked probation in this cause.[1]

The evidence used for revocation was sufficient to show the commission of the offense of passing a forged instrument and is set out in Hilton v. State, Tex.Cr.App., 443 S.W.2d 843 (No. 42,222), this day decided.

 Appellant attempts to use the same grounds of error relied upon in Cause No. 42,222 for reversal of the order revoking probation. In appeals of this type, this Court's review is limited to a determination of whether the trial judge abused his discretion in revoking probation. Campbell v. State, Tex.Cr.App., 427 S.W.2d 621; Wilkerson v. State, Tex.Cr.App., 395 S.W.2d 618.

No abuse of discretion is shown; the judgment is affirmed.

ONION, Judge (dissenting).

There is no transcription of the court reporter's notes for the hearing on the motion to revoke probation. In the case at bar we are merely referred to the record produced before the court at the penalty stage of the proceedings following a jury verdict of guilty in Hilton v. State, Tex.Cr. App., 443 S.W.2d 843, Cause No. 42,222, this day decided.

Such record reflects the following:

"THE COURT: The law provides that you may offer on either side of the case evidence concerning prior criminal record, character or reputation. The Court is prepared to hear any evidence either side wishes to offer.

---

1. Harris v. State, 169 Tex.Cr.R. 71, 331 S.W.2d 941, was reversed because the commission of an offense and the conviction were alleged for revocation of probation and the court relied solely upon the verdict. The proof showed no final conviction because the case was on appeal. The present case is distinguished because the commission, not the conviction, of an offense was alleged and proved.

Does the State wish to proceed?

"MR. PECORINO: Your Honor, the State at this time has nothing to offer, other than the revocation of probation pending against this defendant in this court at this time, and the grounds as alleged in that probation, Cause No. 115,-741—I have my file here if the Court would—

"THE COURT: Is this defendant on probation in this court?

"MR. PECORINO: Yes, Your Honor.

"THE COURT: On another case?

"MR. PECORINO: Yes, Your Honor.

"THE COURT: What is the nature of that offense?

"MR. PECORINO: On the 9th day of July, 1965, this defendant was adjudged guilty of a burglary, was accorded adult probation for a period of four years. This probation—this report was filed, the instant report was filed on October 11, 1965.

"THE COURT: All right. Is there anything further from the State?

"MR. PECORINO: Your Honor, there is some other matters but the State is not—at this time the State would offer this instrument from C. W. Caudell, Record Control Supervisor of the United States Justice Bureau Prison Records, setting out facts that this defendant, James Thomas Hilton, Jr., was convicted in 1965 of obstructing correspondence and forging and altering the U. S. check and was sentenced to two years.

"MR. ODOM: May I see it, Mr. Pecorino?

"MR. PECORINO: Certainly.

"MR. ODOM: I object to it. It is not properly authenticated, Judge.

"THE COURT: Is there no further authentication of this?

"MR. PECORINO: No, Your Honor. That is all the State has.

"THE COURT: I sustain the objection. Does the defense have anything they wish to offer?

"MR. ODOM: Call the defendant's mother, Mrs. Escalante."

Thereafter the appellant, without objection to the procedure, offered three brief witnesses who related that while on probation appellant had complied with his probationary terms as far as they knew. The court then revoked probation on his "own motion" and also assessed punishment in Cause No. 42,222. No effort was made to distinguish between the penalty stage of the proceedings in said Cause No. 42,222 and the motion to revoke probation in the case at bar. There was no agreement to hear both proceedings at the same time. There was no stipulation that the evidence produced before the jury in Cause No. 42,222 and heard by the same judge would be the same if offered on the hearing on the motion to revoke probation filed December 13, 1967, and could be considered by the court. There was not even a request by the State that the court consider on the motion to revoke the same evidence offered before the jury at the guilt stage of the proceedings in said Cause No. 42,222. The State offered nothing at such penalty hearing except the statement that there was a "revocation of probation pending against this defendant in this court at this time."[1] Of course, the court can take judicial notice of the pleadings before it, the term "prior criminal record" does include a prior probated sentence (Article 37.07, Sec. 3(a),

---

1. The motion to revoke filed December 13, 1967, merely alleges that appellant "on or about the 7th day of July, 1967, committed the offense of Passing a Forged Instrument, an offense against the laws of this State, for which offense he was charged in Judge Millard's court. The alleged violation is not otherwise identified. Whether it was the same offense alleged in said Cause No. 42,222 is not shown by this record.

Vernon's Ann.C.C.P.) and the court heard the evidence offered before the jury in Cause No. 42,222, but I would think this court would hesitate before placing its stamp of approval on such procedure as here utilized. Even if adequate under the circumstances and the lack of objection, it certainly is not to be recommended.

The court's order revoking probation merely shows that the court found that appellant violated the terms of his probation. The findings and conclusions upon which the trial court acted were not set out in such order. See McBee v. State, 166 Tex. Cr.R. 562, 316 S.W.2d 748; Wozencraft v. State, Tex.Cr.App., 388 S.W.2d 426. Cf. Tate v. State, Tex.Cr.App., 365 S.W.2d 789. There is no way to tell what conditions or terms the court found violated or whether the court relied exclusively on the jury verdict as in Harris v. State, 169 Tex. Cr.R. 71, 331 S.W.2d 941, or what evidence it considered.

I find it difficult to agree with the majority's effort to distinguish Harris v. State, supra. There, as in the case at bar, the condition of probation allegedly violated was that the probationer not violate the laws of this or any other state. In Harris the motion alleged as ground for revocation that the defendant had committed the offense of passing a forged instrument on or about December 27, 1957, and that she was convicted of said offense on May 7, 1959. In the instant case the motion for revocation merely alleges the commission of an offense. In Harris, after a jury trial under the former Code of Criminal Procedure and while the case was on appeal the hearing to revoke probation was held. Relying solely upon such jury verdict and no other evidence the judge who had presided at the jury trial revoked probation.

There, this court, speaking through Judge Woodley, said:

" * * * The return of a verdict which has not become the basis of a final conviction is not conclusive proof that the probationer violated the terms of proba-

tion conditioned that he not violate the law.

"A different question would be presented had the trial judge heard the evidence and found that appellant committed the offense of passing a forged instrument during the term of her probation, or had the conviction for such offense been final."

The conviction alleged in the instant case as the basis of the revocation had not become final and the court heard no more probative evidence than in Harris (except that the appellant had not violated probation as far as known). If Harris was correctly decided then it is authority for reversing this case. If it was wrongly decided, then this court should not hesitate to overrule the same.

For the reasons stated, I respectfully dissent.