James Thomas **HILTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42222.

Court of Criminal Appeals of Texas.

July 16, 1969.

See also Tex.Cr.App., 443 S.W.2d 844.

M. Marvin Katz, of DeLange, Hudspeth, Pitman & Katz, Houston, appointed on appeal only for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Allen L. Stilley, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

Appellant was convicted for passing as true a forged instrument; his punishment, four years.

The record reflects that appellant passed a check in the sum of twenty-five dollars purportedly signed by Robert D. Campbell to Lois Pippin, office manager of Garden Villas Supermarket. When appellant presented the check, Mrs. Pippin told him that she could not cash his checks anymore. Appellant told her that it was his roommate's check for rent, and she then cashed the check.

Robert D. Campbell testified that he and appellant had been roommates for two or

three months; that he paid his half of the rent to the landlord and he never gave appellant a check for rent. He gave no one permission to take his personal check, and the signature on the check was not his.

■ Appellant contends that the evidence is insufficient to show that he knew that the check was forged. The State's evidence shows that the check was stolen from Campbell, appellant's roommate, and appellant falsely stated it was a check from his roommate for rent. These circumstances plus possession of the forged check by appellant is sufficient to show that he knew the check was forged. The evidence is sufficient to support the conviction. Castanuela v. State, Tex.Civ.App., 435 S.W.2d 146; Morgan v. State, 82 Tex.Cr.R. 615, 201 S.W. 654.

■ Appellant contends that he was erroneously denied a hearing on the motion for new trial. The indictment was for passing a forged instrument on the 7th day of July, 1967. The judgment was entered August 21, 1968. Appellant's retained counsel at the trial expressly reserved the right to file a motion for new trial. No motion for new trial was filed; sentence was pronounced and notice of appeal was given on October 4, 1968. Retained counsel stayed in the case until January 2, 1969 (when the record was approved). Counsel on appeal was appointed. A motion for new trial was not filed until January 6, 1969. It should have been filed within ten days after the verdict. Article 40.05, Vernon's Ann.C.C.P. The trial court did not err in refusing to grant a hearing on this late motion. Watkins v. State, Tex.Cr.App., 438 S.W.2d 819.

■ One allegation in the motion for new trial was based on newly discovered evidence of alibi. Since appellant must have known prior to the date of the trial where he was, what he was doing and who he was with, such alibi evidence could not be newly discovered. Wall v. State, 167 Tex.Cr.R. 634, 322 S.W.2d 641; Adame v. State, Tex.Cr.App., 372 S.W.2d 545.

■ Appellant further contends that the court should have granted a continuance on his own motion during the trial so he could have shown the signature on the check was not written by appellant. Here appellant was convicted for passing a forged instrument and not for forgery. This evidence would not likely cause a different result if presented at another trial. Appellant announced ready for trial. The witness he proposed to use at the hearing on the motion for new trial had been subpoenaed for the trial on the merits but was not present when he announced ready.

■ Appellant further contends that he could have developed more facts to show error if a hearing had been granted. This Court held in Abshire v. State, Tex.Cr.App., 438 S.W.2d 928, that appointed counsel did not have a right to a hearing to help him find error when none was reflected in the record.

No reversible error is shown in refusing to hear the late motion for new trial.

The judgment is affirmed.