**Francisco BARRIENTEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45934.**

Court of Criminal Appeals of Texas.

Oct. 24, 1973.

Foreman & DeGuerin, by Dick DeGuerin, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Vic Pecorino, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from an order revoking probation. Appellant pled guilty on September 18, 1970, to the offense of assault with intent to commit murder. Punishment was assessed at five years, probated.

Subsequently, in June, 1971, appellant was tried before a jury on a charge of murder and found guilty, receiving life im-

1. We fail to understand how appellant could successfully take "the Fifth Amendment" after testifying in his own behalf.

prisonment. That trial was before the Honorable George L. Walker, Judge of the 185th District Court of Harris County, Texas.

On December 17, 1971, a hearing was held on a motion to revoke appellant's probation, again in the court of the Honorable George L. Walker. At the conclusion of the hearing, appellant's probation was revoked.

Appellant alleges an abuse of discretion in that the evidence is insufficient to support the order of revocation. The State called appellant's probation officer as a witness. He testified to the fact that one of the terms and conditions of appellant's probation was that he "commit no offense against the laws of this or any State or of the United States."

The State then reoffered:

". . . the testimony heard by this Court, the Honorable George Walker, in that courtroom, concerning this Defendant, Francisco Barrientez, in Cause No. 158,623, in which this Defendant was tried for the offense of murder, in which the Honorable Court heard these facts as this case was being tried on those dates in this courtroom, and the State would reoffer this evidence and testimony in its entirety to the Court at this time in this hearing on this Motion to Revoke the Probation of this Defendant.

"The State would further offer into evidence, by reference, the record as prepared in the trial of this Defendant for the offense of murder in Cause No. 158,623, and offer that record in its entirety; that being the testimony that has been heard by this Court on those dates of June 21 through June 23 of 1971, and with that, the State would rest."

■ Appellant contends that the verdict of guilty in the murder case is on appeal and therefore, cannot support the revoca-

tion. We agree. However, such is not the case before us. The State here did not rely upon the previous conviction as the basis for its application to revoke the probation. Both the motion to revoke probation and the order to revoke were worded to the effect that appellant *committed* the offense of murder. Thus, the State sought to allege and prove the commission, not the conviction, of the murder offense.[1] The case of Hilton v. State, 443 S.W.2d 844, n. 1 (Tex.Cr.App.1969) is in point. As in Hilton, the present appellant was before the same judge in the same court in both the case where the probation was granted as well as the trial of the offense which was made the basis of revoking his probation.

■ Certainly, Judge Walker could take judicial notice of the evidence introduced in that prior proceeding. Are we to pretend that this judge was not present at the murder trial, and force the State to reproduce the same witnesses? We think not. Such a requirement would place an unreasonable burden upon the State.

We find no abuse of discretion.

The judgment is affirmed.

ONION, Presiding Judge (dissenting).

This appeal presents the question of whether in a probation revocation hearing, over objection, a trial judge may take judicial notice of testimony given in a prior trial and use the same as the basis of the revocation where such testimony is not in any way incorporated in the record.

The appellant was placed on probation on September 18, 1970. On June 18, 1971, the State filed a motion to revoke probation alleging that the appellant had violated his probationary condition not to *commit* a penal offense "in this, to wit: The said probationer, on November 3, 1970, committed the offense of murder, in Hous-

---

1. On this point, appellant's cases of Harris v. State, 169 Tex.Cr.R. 71, 331 S.W.2d 941

(1960) and Jansson v. State, 473 S.W.2d 40 (Tex.Cr.App.1971) are distinguishable.

ton, Harris County, Texas." On December 17, 1971, a "hearing" was held on such motion.

Appellant's motion to quash the revocation motion on the ground that it was "not sufficient to charge an offense" was overruled.[1] The motion to quash the State's pleadings was overruled.

Thereafter the State called Ted York, a probation officer, who merely testified that the probationer was on probation for assault to murder in Cause No. 150,851 in the 185th District Court.

The State then, over vigorous objection, offered "testimony previously heard by this Honorable Court in the trial of this Defendant, Francisco Barrientez, that having been in Cause No. 158,623, in which this Defendant had been indicted for the offense of murder, and that on June 21, June 22 and June 23 of 1971, this cause was tried to a jury before this Honorable Court."

The State then indicated it was offering "by reference" the record from the prior trial "in its entirety."

Among other things, the appellant objected on the ground that his right of confrontation was being denied, that testimony was not in written form, that the evidence was inadmissible and the procedure was improper. The objections were overruled.

The State then rested and the appellant offered no testimony.

Thus it is clear that there was no sworn testimony identifying this appellant as the defendant in the previous trial, no predicate laid in compliance with Article 39.01, Vernon's Ann.C.C.P., as to authorize the use of testimony from the prior case, and no transcription of the court reporter's notes or any other part of the prior trial appears in *this* appellate record.

All we have is the assertion of the prosecutor that he was offering the evidence from another trial. There is no way that this court can *from this record* pass upon the sufficiency of the evidence and any abuse of discretion. There is no way to determine whether the evidence referred to reflects the "offense" in the motion for revocation or even shows an offense was committed during the pendency of probation. It is also observed that the assertions of the prosecutor do not even reflect the outcome of the prior trial.[2]

The majority correctly recognizes that if this revocation was based alone upon a conviction that was not final *at the time of the revocation* this judgment cannot stand.[3] See Harris v. State, 169 Tex.Cr.R. 71, 331 S.W.2d 941 (1960); Jansson v. State, 473 S.W.2d 40 (Tex.Cr.App.1971). Cf. Mason v. State, 438 S.W.2d 556 (Tex.Cr.App. 1969); Hall v. State, 452 S.W.2d 490 (Tex.Cr.App.1970).

Nevertheless, the majority concludes that revocation was proper because the State alleged and proved the *commission* of an offense, not the *conviction* therefor, stating

---

[1]. "The allegations in a motion to revoke probation do not require the same particularity of an indictment or information, but in all fairness, the allegations as to a violation of probation should be fully and clearly set forth in the motion to revoke and copy timely served on the probationer so that he might be informed as to that upon which he will be called to defend." Campbell v. State, 456 S.W.2d 918, 921 (Tex.Cr.App.1970). See also Wilcox v. State, 477 S.W.2d 900 (Tex. Cr.App.1972).

[2]. Despite the condition of this record, the majority boldly states:

"Subsequently, in June 1971, appellant was tried before a jury on a charge of murder and found guilty, receiving life imprisonment. That trial was before the Honorable George L. Walker, Judge of the 185th District Court of Harris County, Texas."

Nothing in this record supports this assertion as to conviction and punishment.

[3]. The majority fails to note that nothing at the hearing reflects a conviction at a prior trial or that, if there was such a conviction, this record fails to reflect it was for an offense committed after probation had been granted and conditions imposed.

that the trial judge "could take judicial notice of the evidence introduced in that prior proceeding." In so holding, the majority overlooks a very basic rule of judicial notice.[4]

". . . [I]t is well settled that the scope of the exercise of the function of judicial notice is not coextensive with the personal knowledge of the individual judge . . . . The judge may personally know a fact of which he cannot take judicial notice . . . . If the judge has personal knowledge of a fact not judicially known the proper way to make use of it is for him to take the stand as a witness and testify to what he knows . . . ." Texas Practice, 1 McCormick & Ray, 2nd Ed., Evidence, Sec. 152, p. 172. See also Jackson v. State, 70 Tex.Cr.R. 582, 157 S.W. 1196 (1913); Lerma v. State, 81 Tex.Cr. R. 109, 194 S.W. 167 (1917).

Further, in Scott v. Clark, 38 S.W.2d 382 (Tex.Civ.App.—Austin, 1931), it was held that, while a court may take judicial notice of its own orders in a previous hearing between the same parties on the same subject, the court cannot take judicial notice of the testimony heard before him on another trial and enter independent judgment thereon. See also Grayson v. Rodermund, 135 S.W.2d 178 (Tex.Civ.App. —Austin, 1939); Entrekin v. Entrekin, 398 S.W.2d 139 (Tex.Civ.App.—Houston, 1966); Ex parte Turner, 478 S.W.2d 256 (Tex.Civ.App.—Houston [1st District], 1972, no writ hist.); Rounsavall v. State, 480 S.W.2d 696, 700 (Tex.Cr.App.1972) (dissenting opinion).

In their broad new unlimited holding the majority fails to explain just how this court can review the sufficiency of the evidence in a probation revocation hearing when the trial court takes "judicial notice" of testimony in a separate hearing and that "testimony" is not a part of the record on appeal. Neither does the majority explain the effect of the holding upon the right to counsel. In the instant case it "appears" that appellant's counsel may have been the same at both the trial and revocation hearing, but does the rule apply where there is different counsel?

There is another facet to the instant case which the majority does not mention but obviously took into consideration. See footnote #1. A conviction for murder has recently been affirmed in Barrientez v. State, 487 S.W.2d 97 (Tex.Cr.App.1972). This court, as other appellate courts, may take judicial notice of the record and judgment in a connected or related case. See Bridges v. State, 468 S.W.2d 451, 452 (Tex.Cr.App.1971), footnote #1, citing 23 Tex.Jur.2d, Evidence, Sec. 29, p. 51. This rule has been clarified, however, as meaning:

"The fact that in the event of an appeal this Court may find another appellate record which may supply the deficiency in the predicate is not controlling. The rule announced in 23 Tex.Jur.2d, Evidence, Sec. 29, p. 51, was never intended to be used in this fashion." Cain v. State, 468 S.W.2d 856, 861 (Tex.Cr. App.1971). See also 1 McCormick & Ray, Texas Law of Evidence, Sec. 186, p. 207 (2d ed. 1956).

Therefore, this court cannot look to another appellate record to supply any deficiency in proof in a case under consideration on appeal. See 1 McCormick & Ray, Texas Law of Evidence, Sec. 186, p. 207

4. The only authority cited by the majority is Hilton v. State, 443 S.W.2d 844 (Tex.Crim. App.1969). *Hilton*, in which I dissented (443 S.W.2d at p. 845), is not in point but is inapposite. The majority fails to note that in *Hilton* the penalty stage of the trial for the offense, which served as the basis of the revocation and the revocation hearing, took place in an unusual combined hearing to which Hilton entered no objection. In *Hilton* the majority did not treat the case as one involving judicial notice of testimony from a previous proceeding. In the instant case there was almost a six month interval between the "supposed" trial on merits of the offense serving as the basis of the revocation and the revocation hearing, and there were vigorous objections to the "offers" of testimony from a prior trial "by reference" at the revocation hearing.

(2d ed. 1956); Cain v. State, 468 S.W.2d 856, 861 (Tex.Cr.App.1971).

The only reason advanced by the majority for their unorthodox extension of the judicial notice doctrine is the unreasonable burden upon the State. Such burden would be so slight as to be insignificant, and the law places the burden of proof upon the prosecution in revocation proceedings. Zane v. State, 420 S.W.2d 953 (Tex.Cr.App.1967). Perry v. State, 459 S.W.2d 865 (Tex.Cr.App.1970); Campbell v. State, 456 S.W.2d 918 (Tex.Cr.App. 1970); Hulsey v. State, 447 S.W.2d 165 (Tex.Cr.App.1969). Why is the burden unreasonable as to probation revocation hearings and yet reasonable as to trials on the merits or even retrials? The only plausible answer appears to be the willingness of the majority to grant the State carte blanche in the conduct of revocation hearings. I continue in my opposition to this attitude. See e. g. the dissents in Casarez v. State, 468 S.W.2d 412, 414 (Tex. Cr.App.1971); Barnes v. State, 467 S.W.2d 437, 441 (Tex.Cr.App.1971).

What distresses me is the readiness of the majority to put their stamp of approval on every unorthodox procedure presented merely on the basis the proceedings involved a revocation of probation. Regrettably, some trial judges and prosecutors view with disdain these proceedings and are always looking for "shortcuts," etc., and are encouraged when their constant experiments are approved by the majority of this court. Those judges who try to uphold higher standards are then besieged by prosecutors to do no more than absolutely required by the Court of Criminal Appeals or what some judge was able to get away with. This is not the way to an enlightened system of criminal jurisprudence.

Due process clearly applies to revocation of probation proceedings. Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); McConnell v. Rhay and Stiltner v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968); Crawford v. State, 435 S.W.2d

148 (Tex.Cr.App.1968); Eiland v. State, 437 S.W.2d 551 (Tex.Cr.App.1969). Cf. Douglas v. Buder, 412 U.S. 430, 93 S.Ct. 2199, 37 L.Ed.2d 52 (1973); Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L. Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

Any probationer whose probation is sought to be revoked is entitled to a hearing to determine whether his probation is to be continued or revoked and he is further entitled to appeal from any order revoking probation. See Article 42.12, Sec. 8, Vernon's Ann.C.C.P.

If a trial judge, sua sponte or upon request of a prosecutor, may take judicial notice of testimony heard at some previous hearing or trial and revoke probation on that basis, and the same need not be incorporated in the record for the purpose of review, is he being accorded his statutory rights? Has he been accorded a hearing or an effective review? I think not.

For the reasons stated, I dissent.