**Charles Ray GREEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50784.**

Court of Criminal Appeals of Texas.

Oct. 22, 1975.

---

Kenneth J. Vitucci, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Gerard Guerinot, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from an order revoking probation. Appellant entered a plea of guilty before the court to the offense of forgery of a credit card on June 12, 1973. Punishment was assessed at seven years probated.

The State filed a motion on February 12, 1974, alleging that appellant violated a condition of his probation in that on January 17, 1974, appellant "committed the offense of aggravated robbery in Harris County, Texas. . . ."

The record reflects that after a hearing on October 4, 1974, the court entered an order revoking appellant's probation finding that appellant had violated the terms of his probation "in that on the 17th of January, A.D. 1974, he did commit the offense of aggravated robbery in Harris County, Texas."

Appellant contends the court abused its discretion in revoking probation in that the evidence is insufficient to support the court's finding that appellant committed a violation of the law.

After the State offered a certified copy of the judgment in the primary offense and appellant was identified as the person named in the judgment, the State then offered:

". . . all of that evidence which this Court heard at the date of trial of this cause, the State of Texas versus Charles Ray Green in Cause No. 209,070, styled The State of Texas versus Charles Ray Green, said charge being that of aggravated robbery."

The court then noted that Cause No. 209,070 was tried on September 5, 1974, before a jury "in this Court." It was further established that the judge presiding at the hearing on the motion to revoke was the same judge who presided at the trial of Cause No. 209,070.

The appellant objected to the proffer of evidence from Cause No. 209,070 for the reasons that appellant "is thereby not allowed to confrontation of witnesses in this cause" and "this is hearsay evidence." The overruling of appellant's objections by the court forms the basis of this contention.

The identical question was before this Court in *Barrientez v. State,* Tex.Cr.App., 500 S.W.2d 474. In that case, this Court found *Hilton v. State,* Tex.Cr.App., 443 S.W.2d 844, to be in point, stating:

"As in *Hilton*, the present appellant was before the same judge in the same court in both the case where the probation was granted as well as the trial of the offense which was made the basis of revoking his probation."

This Court went on to say that the State should not be forced to reproduce the same witnesses before the same judge and held that the judge could take judicial notice of the evidence introduced in the prior proceeding. See *Stephenson v. State*, Tex.Cr. App., 500 S.W.2d 855. The holding in *Barrientez* dictates that the court did not abuse its discretion in finding that appellant had violated the conditions of his probation by committing the offense of aggravated robbery.

█ Appellant contends the court erred in revoking his probation in that the conviction for the subsequent offense which formed the basis for revocation was on appeal and therefore not a final conviction.

We find appellant's reliance on *Prince v. State*, Tex.Cr.App., 503 S.W.2d 777, to be misplaced. In *Prince*, this Court held that probation could not be revoked on the ground that defendant had subsequently been convicted of committing an offense where such conviction was not final. In the instant case, the State did not rely upon the conviction as the basis for its motion to revoke probation. Both the motion to revoke and the order revoking probation were worded to the effect that appellant committed the offense of aggravated robbery. The State alleged and sought to prove the commission, not the conviction, of the offense of aggravated robbery. See *Barrientez v. State*, supra.

No abuse of discretion is shown in the revocation of appellant's probation.

The judgment is affirmed.

DOUGLAS, J., not participating.

Opinion approved by the Court.

ROBERTS, Judge (concurring).

I concur in the result reached in this case. Although it does not appear from the record that counsel at the revocation hearing was the same as counsel at the trial of the aggravated robbery charge, such fact was admitted by the parties at oral argument. The requirements of *Barrientez v. State*, 500 S.W.2d 474 (Tex.Cr.App.1973), for the introduction of this testimony are thus satisfied.

ONION, Presiding Judge (dissenting).

This case is almost *Barrientez v. State*, 500 S.W.2d 474 (Tex.Cr.App.1973), all over again. The question presented is whether in a probation revocation proceeding a trial judge, over objection, may take judicial notice given in a prior trial and use the same as the basis of the revocation where such testimony is not in any way incorporated in the record.

In *Barrientez* the majority held that the court could take such judicial notice where the trial judge was the same and where the probationer was represented at the prior trial and the revocation hearing by the same attorney. To such improper and erroneous use of judicial notice this writer dissented. See *Barrientez v. State*, supra, dissenting opinion.

In the instant case the appellant was identified as the person on probation. Then, relying upon *Barrientez*, the State offered by inference all of the evidence heard in Cause No. 209070 where the State concluded that the appellant was found guilty of aggravated robbery and assessed a punishment of fifty (50) years. There was no sworn testimony identifying this appellant as the accused in such trial, no showing as to when such trial took place, or any showing that the offense there involved occurred while the appellant was on probation. Further, no predicate was laid in compliance with Article 39.01, Vernon's Ann.C.C.P., so as to authorize the use of testimony from the prior case, and no transcription of the court reporter's notes or

any other part of the prior record appears in *this* appellate record. There is no way that this court can, *from this record,* pass upon the sufficiency of the evidence and any abuse of discretion. For the same reasons set forth in the dissenting opinions in *Barrientez v. State,* supra, and *Stephenson v. State,* 500 S.W.2d 855 (Tex.Cr.App.1973), I dissent to the affirmance of this conviction. Further, I would point out again that the *Barrientez* decision turned upon the fact that the judge was the same and the defense lawyer was the same. In today's opinion, the majority refers to the fact only that the same judge presided at both the prior trial and the revocation hearing. I hope that the majority is not attempting to extend the rule of *Barrientez* in a case where the record reflects that the judge and the defense counsel were the same at both proceedings.

For the reasons stated, I dissent.