**Ronald Shane WINKLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 65086.**

Court of Criminal Appeals of Texas, Panel No. 2.

Dec. 17, 1980.

Danny D. Pitzer, Duncanville, for appellant.

Henry Wade, Dist. Atty., Ronald D. Hinds, and Christopher L. Milner, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ODOM and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from an order revoking probation.

On October 14, 1977, the appellant was convicted of the offense of burglary of a habitation. The punishment assessed was imprisonment for five years. The imposition of sentence was suspended and the appellant was placed on probation.

On June 25, 1979, the appellant's probation was revoked for violation of the condition that he would commit no offense against the laws of this State, and sentence was pronounced.

The appellant asserts that the trial court abused its discretion in revoking his probation because the evidence is insufficient to prove that he violated the conditions of his probation as alleged in the motion to revoke.

In the State's motion to revoke probation the sole ground alleged for revocation is that "on or about the 16th day of February, 1979, in Dallas County, Texas *Ronald Shane Winkler* did unlawfully, knowingly and intentionally operate a motor vehicle, namely an automobile without the effective consent of Bob Harris, the owner thereof." The court did not make a specific finding of its basis for revocation, but merely found that the appellant "... had violated the conditions of probation to—wit: violation of condition (a) to—wit: (a) Commit no offense against the laws of this or any other State or the United States."

The approved statement of facts which the court reporter certified as a complete statement of facts of the proceedings for the revocation of probation is quoted in its entirety as follows:

"THE COURT: I gave you seven years on that. Now, you wish to appeal that sentence; is that correct?

"THE DEFENDANT: Yes, sir.

"THE COURT: Now, Mr. Pitzer—You don't have any money to get your own lawyer on appeal?

"THE DEFENDANT: No, sir.

"THE COURT: Do you want Mr. Pitzer to be your lawyer on appeal?

"THE DEFENDANT: Whoever you appoint.

"THE COURT: Well, Mr. Pitzer, he tried your case. He's more familiar with it.

"THE DEFENDANT: Yes, sir.

"THE COURT: All right. I sentence you to seven years in that case in the Texas Department of Corrections. Your sentence shall begin February 8, 1979, and the notice of appeal having been given, Mr. Pitzer will be your lawyer on appeal. Now, are you the same Ronald Shane Winkler that received a five year probated sentence in this Court October 14, 1977, for the offense of burglary of a habitation?

"THE DEFENDANT: Yes.

"THE COURT: A motion has been filed asking the probation be revoked. Who does the State wish to call?

"MR. MILNER [PROSECUTOR]: Doug Hale, Your Honor.

(Whereupon, the witness was sworn.)

"MR. HALE: My name is Doug Hale. I am a probation officer for Dallas County, assigned to Criminal District Court No. 4. On the 14th day of October, 1977, Ronald Shane Winkler, the young man to my immediate left, received a five year probation in Cause Number F77–3866 JK. Subsequent to that date and during the term of probation, Mr. Winkler committed the violation alleged in the State's Motion to Revoke Probation filed February 20, 1979. Based on this violation of probation, it is requested the probation granted October 14, 1977, be revoked.

"THE COURT: Based on what?

"MR. HALE: Based on Mr. Winkler's commission of a new felony offense in Dallas County, and subsequent conviction.

"THE COURT: Of the offense of what? Five the number and all that.

"MR. HALE: The offense was unauthorized use of a motor vehicle. The date of the offense was February 16, 1979. The subsequent conviction was in this Court, Cause F79–2331 K.

"THE COURT: Does he have any allegation of any other violation?

"MR. HALE: No sir. No other violation.

"THE COURT: Do you have any further questions?

"MR. PITZER: No, sir.

"THE COURT: The motion to revoke is granted. You are sentenced to five years, that commencing February 18, 1979. That's all, Sheriff.

"MR. PITZER: All right."

The only basis for revoking probation is the probation officer's testimony that the request for revocation is based on the appellant's "... commission of a new felony offense in Dallas County and subsequent conviction. The offense was unauthorized use of a motor vehicle, February 16, 1979. The subsequent conviction was in this Court, Cause F79–2331 K." The court did not, as is customary, ask for the appellant's plea to the allegations at the motion to revoke. The record does not reflect that the testimony of the probation officer was about the same offense mentioned in the motion to revoke probation. The offense about which the probation officer testified is not identified as the same offense for which the appellant had apparently just been sentenced. The court did not say that judicial notice was being taken of any evidence or proceeding. Cf. *Bradley v. State*, 608 S.W.2d 652 (Tex.Cr.App.1980); *Barrientez v. State*, 500 S.W.2d 474 (Tex.Cr.App. 1973). The problem we have with this meager record is also noticeable in the briefs for both the State and the appellant–they both go outside of the record in arguing their respective positions.

The evidence reflected in this record—set out in full in this opinion is insufficient to support the trial court's order revoking probation.

The judgment is reversed and the cause is remanded.