Richard Langlois, San Antonio, for appellant.

Sam Millsap, Jr., Daniel Thornberry, Crim. Dist. Attys., Mario Bordini, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before CADENA, C.J. and CANTU and TIJERINA, JJ.

TIJERINA, Justice.

This is a revocation of probation case. Appellant had been convicted, on his plea of guilty, for the felony offense of burglary of a vehicle. TEX.PENAL CODE ANN. § 30.04 (Vernon 1974). Punishment was assessed at four years' confinement, but the sentence was probated. Subsequently, the State filed a motion to revoke the probation and after a hearing the court revoked appellant's probation and sentenced him to four years' confinement.

The sufficiency of the evidence is not challenged. Appellant urges that the trial court erred in allowing the State to question defense witness Ibarra concerning (1) his marihuana usage the night of the rob-

**Gilbert ALBIAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–84–00190–CR.**

Court of Appeals of Texas,
San Antonio.

Nov. 27, 1985.

bery, and (2) his conversation with Victor Juarez, a witness subpoenaed by the State but not called to testify. The record reflects that appellant had been charged with aggravated robbery with a deadly weapon alleged to have occurred on December 3, 1983. The court, with appellant's consent, took judicial notice of the testimony of the trial on aggravated robbery with a deadly weapon as evidence in revoking the probation.

The defense witness, Randolph Ibarra, catagorically denied that appellant robbed the Texaco station. He testified that on that evening appellant and Victor Juarez were with him, "drinking and driving around." On cross-examination he was asked if he was smoking marihuana. The court overruled appellant's objection, saying that such evidence went to the credibility of the witness. The general rule in Texas dictates that specific acts of misconduct of an accused or a witness are not admissible for impeachment purposes or to discredit his credibility. *Hoffman v. State,* 514 S.W.2d 248, 254 (Tex.Crim.App.1974). Extraneous acts of misconduct may be admitted in evidence by showing that they are relevant to a material issue and that the probative value outweighs the prejudicial effect. *Ruiz v. State,* 579 S.W.2d 206, 209 (Tex.Crim.App.1979). "[A] relationship between such evidence and the evidence necessary to prove the accused committed the crime for which he stands charged must be shown." *Albrecht v. State,* 486 S.W.2d 97, 100 (Tex.Crim.App. 1972). Additionally, the State may inquire as to extraneous matters to refute a defensive theory raised by the accused, *Albrecht v. State, supra,* at 101, or motive of the witness. *Bush v. State,* 628 S.W.2d 441, 444 (Tex.Crim.App.1982).

In this case the cross-examination of the witness on the extraneous matter of whether he was smoking marihuana was admissible to show motive and to test his ability to recollect the events of the evening in question. The witness sought to exonerate the accused; consequently, the State had the right to refute the defensive theory.

On the second issue Ibarra was cross-examined concerning a conversation with Victor Juarez. The State inquired whether Victor had told Ibarra that he recalled that appellant parked the pickup truck near the Texaco station and left to relieve himself, but that there was a fifteen minute gap when he did not see appellant. After a hearing, out of the presence of the jury, the court ruled that the inquiry was proper for the purpose of laying the predicate for impeachment purposes. Generally a defense witness may not be cross-examined as to any fact that is collateral and irrelevant to the issue merely for the purpose of laying a predicate for impeachment. *Hoffman v. State, supra,* at 252. The defense objected to this line of questioning and the State abandoned its inquiry. Nevertheless, this cross-examination was certainly relevant to the material issue of appellant's involvement in the robbery. *See Thompson v. State,* 659 S.W.2d 649, 653 (Tex. Crim.App.1983).

The two grounds of error are overruled.

The judgment of the trial court is affirmed.

CANTU, Justice.

I express some doubt as to the manner in which the trial court "judicially noticed" the testimony adduced at the trial on the merits inasmuch as no effort was made by any of the parties or the trial court to identify the cause number of the proceeding being "judicially noticed." Nor was the testimony even transcribed at the time of the probation revocation so as to be tendered to the court for identification purposes. However, since no objection was lodged to the manner employed by the trial court in "judicially noticing" prior testimony I see no reason to belabor a point already thoroughly thrashed out unsuccessfully by presiding Judge Onion in his dissenting opinions in *Bradley v. State,* 608 S.W.2d 652 (Tex.Crim.App.1980); *Green v. State,* 528 S.W.2d 617 (Tex.Crim.App.1975); *Barrientez v. State,* 500 S.W.2d 474 (Tex. Crim.App.1973), etc.

Since the trial court is permitted to "judicially notice" untranscribed testimony of a prior unidentified proceeding I prefer to join Chief Justice Cadena in presuming that during its "judicial noticing" of the testimony it, in like manner, refused to consider improper testimony, thus engaging in selective "judicial notice."

In the absence of an objection nothing is presented for review. *Martin v. State*, 623 S.W.2d 391 (Tex.Crim.App.1981), I, therefore, join in Chief Justice Cadena's concurring opinion.

CADENA, Chief Justice.

I agree that the judgment should be affirmed, but I would base such affirmance solely on the ground that where the hearing was before the court it will be presumed that the trial judge disregarded any improper testimony. *Johnson v. State*, 478 S.W.2d 442, 444 (Tex.Crim.App.1972). I am particularly reluctant to join in the holding that the cross-examination of *Ybarra* concerning a statement allegedly made by Juarez "was certainly relevant to the material issue of appellant's involvement in the robbery."