No. 04-98-00867-CR


Fletcher E. BURNETT,

Appellant 


v.


The STATE of Texas,

Appellee


From the 227th Judicial District Court, Bexar County, Texas

Trial Court No. 90-CR-1324

Honorable Pat Priest, Judge Presiding


Opinion by: Tom Rickhoff, Justice


Sitting: Tom Rickhoff, Justice

 Catherine Stone, Justice

 Karen Angelini, Justice


Delivered and Filed: August 16, 2000


AFFIRMED



 This appeal arises from the revocation of Fletcher E. Burnett's probation. We affirm.

Procedural Background

 Burnett was charged by indictment with having committed the offense of murder by injury.
A jury found Burnett guilty and assessed punishment at five years probation. The trial court signed
an order suspending imposition of sentence and granting adult probation on the jury's recommendation.

 After being placed on probation, Burnett was indicted for the March 16, 1997 murder of
Terrence Wilkerson. At a subsequent trial, Burnett was found not guilty of Wilkerson's murder. In
September 1998, the State filed a second amended motion to revoke probation. The State alleged
that Burnett, on March 16, 1997, murdered Wilkerson by shooting him with a gun; illegally possessed
a gun as a felon; and consumed alcoholic beverages. The State also alleged that Burnett did not pay
court-ordered fees and costs from 1994 to 1998. Although Burnett was found not guilty of
Wilkerson's murder, the March 16, 1997 facts formed, in part, the basis of the second amended
motion to revoke probation. After a hearing on the State's motion, the trial court found the
allegation that Burnett had possessed a firearm true, and entered a judgment revoking his probation
and sentencing him to five years confinement.

Sufficiency of the Evidence

 In issue one, Burnett asserts the evidence presented at the revocation hearing was not
sufficient to support the order of revocation.

 Burnett contends there was no evidence to support the revocation order because the only
proof offered by the State was a request that the court take "judicial notice of all testimony that was
heard in the trial before today . . . ." Defense counsel did not object to the State's request that the
court take judicial notice. 

 The trial judge, without objection, is permitted to take judicial notice of evidence given in a
prior trial and may use such evidence as the basis for revoking probation. Tex. R. Evid. 201;
Barrientez v. State, 500 S.W.2d 474, 475 (Tex. Crim. App. 1973). Burnett did not object to the
court's taking judicial notice of the testimony in the prior proceeding and therefore did not preserve
the error, if any. Tex. R. App. P. 33.1(a); Broussard v. State, 598 S.W.2d 873, 874 (Tex. Crim. App.
1980). We overrule Burnett's first issue.

Identity

 In Burnett's second issue, he asserts the State did not prove he was the same individual named
in the judgment and order of community supervision as the individual whom the State alleged violated
a term of community supervision. Burnett did not make his identity an issue in the trial court and he
may not raise it for the first time on appeal. See Barrow v. State, 505 S.W.2d 808, 811 (Tex. Crim.
App. 1974). We overrule Burnett's second issue.

Ineffective Assistance of Counsel

 In Burnett's third issue, he asserts defense counsel was ineffective because counsel did not
object to the lack of evidence adduced at the hearing, object to the State's request for judicial notice,
make identity an issue, and counsel commented that Burnett had a nine millimeter gun and a derringer
in his home.

 To prove ineffective assistance of counsel, appellant must show: (1) trial counsel's
performance was deficient in that counsel made such serious errors he or she was not functioning
effectively as counsel; and (2) the deficient performance prejudiced the defense to such a degree that
the appellant was deprived of a fair trial. See Strickland v. Washington, 466 U.S. 668, 690, 104 S.
Ct. 2052, 80 L. Ed.2d 674 (1984). The constitutional right to effective assistance does not mean
errorless counsel. See Brown v. State, 974 S.W.2d 289, 292 (Tex. App.-San Antonio 1998, pet.
ref'd). Appellant must overcome the presumption that trial counsel rendered effective assistance, and
it is incumbent on the appellant to identify those acts or omissions that do not amount to reasonable
professional judgment. See Strickland, 466 U.S. at 689, 104 S. Ct. 2052.

 We judge whether appellant meets the Strickland standard by reviewing the "totality of the
representation" rather than the isolated acts or omissions. See Wilkerson v. State, 726 S.W.2d 542,
548 (Tex. Crim. App. 1986). The Strickland test is applied without the benefit of hindsight, and the
allegations will be sustained only if they are affirmatively established in the record. See McFarland
v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The burden of proving ineffective assistance
by a preponderance of the evidence rests upon the appellant. McFarland v. State, 845 S.W.2d 824,
842 (Tex. Crim. App. 1992).

 Evidence of a prior criminal trial of the probationer is sufficient to support a revocation of
probation, and a trial court has the authority to take judicial notice of such evidence. Barrientez, 500
S.W.2d at 475. Because the trial court did not err in taking judicial notice of Burnett's prior trial,
Burnett has not proven by a preponderance of the evidence that he was harmed by defense counsel's
not objecting to the evidence offered at the hearing or the State's request for judicial notice of such
evidence.

 Defense counsel satisfied the requirement that the State prove identity when counsel informed
the court that Burnett had been found not guilty on the murder charge; he discussed Burnett's
ownership of a weapon kept at his house; he argued there was no direct testimony that Burnett was
intoxicated; and he referred to testimony from the prior trial about whether Burnett appeared
intoxicated. Burnett complains that counsel should have made identity an issue and should not have
made these remarks. However, we will not speculate about counsel's strategy in attempting to rebut
the State's allegations that Burnett had violated the terms of his probation by making these remarks.
See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We overrule Burnett's issue
three.

 We affirm the trial court's judgment. 


 Tom Rickhoff, Justice

DO NOT PUBLISH