# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00656-CR
## NO. 03-01-00657-CR

**Joseph Hamilton, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
NOS. 992106 & 994188, HONORABLE BOB PERKINS, JUDGE PRESIDING**

In both of these causes, Joseph Hamilton was placed on community supervision after being convicted of possessing cocaine. *See* Tex. Health & Safety Code Ann. ' 481.115 (West Supp. 2002). He now appeals from orders revoking supervision, claiming that the evidence does not support the violations found by the district court. We will affirm the court=s orders.

The court found that appellant violated the conditions of his supervision by, among other things, possessing crack cocaine. This finding was based on the testimony of Austin Police Officer Andrew Haynes, who testified that he arrested a Joseph Hamilton on March 16, 2001, for possession of crack cocaine. Appellant does not challenge the sufficiency of the evidence to prove that the person arrested possessed cocaine, but he urges in his first point of error that the State failed to prove that he was the Joseph Hamilton arrested.

Officer Haynes did not explicitly identify appellant at the revocation hearing as the Joseph Hamilton arrested on the night in question. Throughout his cross-examination of the officer, however,

defense counsel referred to the person arrested as Athe defendant@ and Amy client.@ The officer, in turn, referred to the man arrested as Ayour client.@ Further, Officer Haynes positively identified appellant as the person he arrested on March 16 during his testimony at the hearing on appellant=s motion to suppress evidence held one month before the revocation hearing. The court could take judicial notice of the testimony at that earlier hearing, which is in the record before us. *See Barrientez v. State*, 500 S.W.2d 474, 475 (Tex. Crim. App. 1973).[1]

The preponderance of the evidence supports the finding that appellant violated the conditions of his supervision by possessing cocaine. *See Ortega v. State*, 860 S.W.2d 561, 564 (Tex. App.CAustin 1993, no pet.) (burden of proof). Point of error one is overruled. Because one sufficient ground will support revocation, we need not decide whether the evidence supports the other violations found by the court. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980).

The orders revoking community supervision are affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: July 26, 2002

---

[1] Appellant argues that the *Barrientez* judicial notice rule does not apply because the suppression hearing and the revocation hearing were before different judges. This assertion is contradicted by the record, which reflects that Judge Bob Perkins presided at both hearings.

Do Not Publish