NO. 07-02-0254-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MAY 5, 2003


______________________________



TONY ROMO, JR.
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 93-416,191; HON. BRADLEY UNDERWOOD, PRESIDING


_______________________________



Memorandum Opinion


_______________________________


Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

 Appellant Tony Romo, Jr. appeals the revocation of his probation for the offense of
securing execution of a document by deception. Via two issues, he contends 1) the trial
court erred in failing to suppress his confession which allegedly was obtained in violation
of his "right to counsel . . . at every significant stage of a criminal proceeding after counsel
ha[d] been appointed," and 2) the trial court erred in taking judicial notice of the testimony
in another criminal proceeding involving him. We affirm the judgment.

 Background

 On November 30, 1993, appellant pled guilty to the offense of securing execution
of a document by deception for which he received eight years confinement. However, his
sentence was suspended, and he was placed on probation for eight years. On October
14, 1998, the probationary period was extended to November 29, 2003. In May 2000, the
State filed an application to revoke appellant's probation which was amended on February
26, 2001, and again on May 1, 2001. An attorney was appointed on June 21, 2000, to
represent appellant on the application to revoke his probation. 

 Meanwhile, several robberies had occurred in the Lubbock, Texas area for which
the police believed appellant to be responsible. On the basis of an outstanding warrant
for appellant arising from the application to revoke his probation, the police arrested
appellant and took him to the station. They gave him his Miranda warnings and began
questioning him about the robberies as opposed to matters encompassed in the pending
motion to revoke probation. During the interrogation, appellant voluntarily waived his right
to have counsel present and then admitted to committing various burglaries. The State
subsequently indicted him for one of those offenses in Cause No. 2001-436,194 which was
then used as a basis to revoke his probation. Appellant moved to suppress his confession
contending it was in violation of his Sixth Amendment right to counsel, and that motion was
denied. (2) 

Issue One - Suppression of Confession 


 In his first issue, appellant claims error on the part of the trial court in its failure to
suppress his confession because he was denied his right to counsel. This is the same
issue addressed by this court in its prior opinion of Romo v. State, No. 07-02-0061-CR,
2003 Tex. App. lexis 1650 (Tex. App.--Amarillo Feb. 21, 2003, no pet. h.). We overrule
the issue for the reasons stated in that opinion. (3) 

Issue Two - Judicial Notice


 In his second issue, appellant contends that the trial court erred when it took judicial
notice of testimony presented in Cause No. 2001-436,194, a cause involving another
prosecution by the State against Romo over which the same judge presided. In short, the
trial court was allegedly barred from taking such notice because doing so violated the rules
prohibiting consideration of hearsay. We overrule the issue.

 According to the Texas Court of Criminal Appeals, a trial court may take judicial
notice of evidence admitted at a criminal trial involving the same defendant and over which
the same judge presided. Moreno v. State, 22 S.W.3d 482, 488 (Tex. Crim. App. 1999)
(holding a court may take judicial notice of the evidence at a criminal trial and revoke
probation even if the defendant was acquitted); Barrientez v. State, 500 S.W.2d 474, 475
(Tex. Crim. App. 1973) (holding the trial court could take judicial notice of the evidence
introduced in a prior proceeding which was made the basis to revoke probation when the
judge was the same). This is true even though the accused objects on the basis of
hearsay and the purported denial of the right to confront the prior witnesses. Green v.
State, 528 S.W.2d 617, 618-19 (Tex. Crim. App. 1975). As previously mentioned, Cause
No. 2001-436,194 involved the same defendant, and the same judge presided over the
matter. Accordingly, the rules applicable to the admission of hearsay or the right to
confront one's accusers did not prevent the trial court from taking judicial notice of the
evidence in question. 

 Accordingly, the judgment is affirmed. 


 Brian Quinn

 Justice 

Do not publish. 

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused
shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI.
3. That opinion refers to another of this court's previous opinions styled Romo v. State, No. 07-02-0151-CR, 2003 Tex. App. lexis 3 (Tex. App.--Amarillo Jan. 2, 2003, no pet. h.). It too addressed the issue
before us, and therein we also overruled it.