NO. 07-02-0254-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 5, 2003

_____

TONY ROMO, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 93-416,191; HON. BRADLEY UNDERWOOD, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[1]

Appellant Tony Romo, Jr. appeals the revocation of his probation for the offense of securing execution of a document by deception. Via two issues, he contends 1) the trial court erred in failing to suppress his confession which allegedly was obtained in violation of his "right to counsel . . . at every significant stage of a criminal proceeding after counsel

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

ha[d] been appointed," and 2) the trial court erred in taking judicial notice of the testimony in another criminal proceeding involving him.   We affirm the judgment.

### *Background*

On November 30, 1993, appellant pled guilty to the offense of securing execution of a document by deception for which he received eight years confinement.  However, his sentence was suspended, and he was placed on probation for eight years.  On October 14, 1998, the probationary period was extended to November 29, 2003.  In May 2000, the State filed an application to revoke appellant's probation which was amended on February 26, 2001, and again on May 1, 2001.  An attorney was appointed on June 21, 2000, to represent appellant on the application to revoke his probation.

Meanwhile, several robberies had occurred in the Lubbock, Texas area for which the police believed appellant to be responsible.  On the basis of an outstanding warrant for appellant arising from the application to revoke his probation, the police arrested appellant and took him to the station.  They gave him his Miranda warnings and began questioning him about the robberies as opposed to matters encompassed in the pending motion to revoke probation.  During the interrogation, appellant voluntarily waived his right to have counsel present and then admitted to committing various burglaries.  The State subsequently indicted him for one of those offenses in Cause No. 2001-436,194 which was then used as a basis to revoke his probation.  Appellant moved to suppress his confession

2

contending it was in violation of his Sixth Amendment right to counsel, and that motion was denied.[2]

### Issue One - Suppression of Confession

In his first issue, appellant claims error on the part of the trial court in its failure to suppress his confession because he was denied his right to counsel. This is the same issue addressed by this court in its prior opinion of *Romo v. State,* No. 07-02-0061-CR, 2003 Tex. App. LEXIS 1650 (Tex. App.--Amarillo Feb. 21, 2003, no pet. h.). We overrule the issue for the reasons stated in that opinion.[3]

### Issue Two - Judicial Notice

In his second issue, appellant contends that the trial court erred when it took judicial notice of testimony presented in Cause No. 2001-436,194, a cause involving another prosecution by the State against Romo over which the same judge presided. In short, the trial court was allegedly barred from taking such notice because doing so violated the rules prohibiting consideration of hearsay. We overrule the issue.

According to the Texas Court of Criminal Appeals, a trial court may take judicial notice of evidence admitted at a criminal trial involving the same defendant and over which the same judge presided. *Moreno v. State,* 22 S.W.3d 482, 488 (Tex. Crim. App. 1999) (holding a court may take judicial notice of the evidence at a criminal trial and revoke probation even if the defendant was acquitted); *Barrientez v. State,* 500 S.W.2d 474, 475

---

[2]The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI.

[3]That opinion refers to another of this court's previous opinions styled *Romo v. State,* No. 07-02-0151-CR, 2003 Tex. App. LEXIS 3 (Tex. App.--Amarillo Jan. 2, 2003, no pet. h.). It too addressed the issue before us, and therein we also overruled it.

(Tex. Crim. App. 1973) (holding the trial court could take judicial notice of the evidence introduced in a prior proceeding which was made the basis to revoke probation when the judge was the same). This is true even though the accused objects on the basis of hearsay and the purported denial of the right to confront the prior witnesses. *Green v. State,* 528 S.W.2d 617, 618-19 (Tex. Crim. App. 1975). As previously mentioned, Cause No. 2001-436,194 involved the same defendant, and the same judge presided over the matter. Accordingly, the rules applicable to the admission of hearsay or the right to confront one's accusers did not prevent the trial court from taking judicial notice of the evidence in question.

Accordingly, the judgment is affirmed.


Brian Quinn
Justice

Do not publish.