Ex parte Herman TURNER, Appellant.

No. 66683.

Court of Criminal Appeals of Texas, En Banc.

March 11, 1981.

George Barron, Orange, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and ODOM, JJ.

OPINION

ODOM, Judge.

This is an appeal from the trial court's order, in a habeas corpus action, denying bail pending the appeal of an order revoking probation.

The case before us involves a denial of bail under Art. 44.04(c), V.A.C.C.P., which in pertinent part provides, "the trial court may deny bail and commit the defendant to custody if there then exists good cause to believe that the defendant ... is likely to commit another offense while on bail...." The record reflects that, over objection, the court took judicial notice at the habeas corpus hearing, of the evidence adduced at the revocation of probation hearing. This was the only evidence presented by the State in the instant action, and in it lies the only evidence to support the court's order denying bail.

We note that both proceedings were before the same trial judge. In fact, at the conclusion of the revocation of probation hearing, this trial judge denied appellant bail pending appeal for the very same reason he denied bail in the habeas corpus action. We further note that the same district attorney represented the State in both actions; however, appellant was represented by different counsel during the two hearings. We have before us the transcript of both proceedings.

The threshold issue is whether judicial notice is proper under the facts outlined above.

Although there is no case law directly in point, we find *Barrientez v. State*, Tex.Cr. App., 500 S.W.2d 474, and its progeny, persuasive. In *Barrientez*, we held that in revocation of probation matters, the trial judge presiding over the revocation hearing may take judicial notice of the evidence adduced at a criminal trial, over which he also presided, which gave rise to bases of the State's motion to revoke. Id. at 475. In *Bradley v. State*, Tex.Cr.App., 608 S.W.2d 652, we found that the fact that different counsel represents a defendant at the different proceedings demonstrates no violation of due process if the new attorney has before him the record of the trial in the "noticed" proceedings.

We find the judicial notice taken in the instant case proper. Both proceedings, the hearing on the motion to revoke probation and the habeas corpus action were before the same trial judge. That judge had considered and rejected a request for bail pending appeal for the same reason at the conclusion of both proceedings. The records in both actions are properly before us and there is no claim or showing of harm to the appellant by virtue of the court's taking judicial notice of the prior proceeding.

Under such circumstances we see no reason for imposing upon the State the unreasonable burden of reproducing the same witnesses at the habeas corpus hearing. Judicial notice was a proper conservation of judicial time and energy. See *Barrientez v. State*, supra at 475.

That issue resolved, our review of the record of the revocation of probation hearing reflects that appellant was placed on five years' probation for the offense of aggravated assault. The court revoked appellant's probation upon proof that he had committed several theft offenses, failed to report as directed, and failed to pay supervisory fees.

Due to the court's finding that appellant committed offenses against the State during his probationary period, and our finding that the evidence supports that finding, we find no abuse of discretion in the denial of bail pending appeal under Art. 44.04(c), supra. See *Putnam v. State*, Tex. Cr.App., 582 S.W.2d 146, 151.

The judgment is affirmed.