IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-396-CR




EX PARTE:



GERALD CHRISTOPHER ZULIANI,



 APPELLANT



 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 102,693, HONORABLE JON N. WISSER, JUDGE PRESIDING


 





PER CURIAM

 This is an appeal from an order of the district court, entered following a hearing
on appellant's writ of habeas corpus, setting appellant's bail pending appeal at $50,000. Tex. R.
App. P. 44. Appellant is presently incarcerated following his conviction for the offense of injury
to a child, for which he was sentenced to imprisonment for ten years and a $10,000 fine. 
Appellant's appeal from that conviction is pending in this Court as our cause number
3-92-110-CR.

 Prior to trial, appellant was released on a $50,000 surety bond. Following his
conviction, the district court ordered that appellant's bail pending appeal be set at $125,000. As
noted above, the court reduced bail to $50,000 following the habeas corpus hearing. (1) In his first
point of error, appellant urges that the court abused its discretion by setting bail in an amount
exceeding $10,000.

 The primary purpose of bail is to secure the presence of the defendant. Ex parte
Vasquez, 558 S.W.2d 477 (Tex. Crim. App. 1977). While bail should be sufficiently high to give
reasonable assurance that the undertaking will be complied with, the power to require bail is not
to be used so as to make it an instrument of oppression. Id.; Tex. Code Crim. Proc. Ann. art.
17.15 (West Supp. 1992). Among the factors considered relevant in setting the amount of bail
pending appeal are: the nature of the offense and the punishment assessed; the defendant's work
record, family ties, and length of residence in the community; the defendant's ability to make the
bail; and the defendant's conformity with previous bond conditions. Ex parte Davila, 623 S.W.2d
408 (Tex. Crim. App. 1981).

 Appellant was found guilty of recklessly causing bodily injury to a child. The
evidence at the hearing reflects that the child died, and the judgment of conviction includes a
finding that appellant used a deadly weapon (his hands, a wall, or a blunt object) during the
commission of the offense. The punishment assessed is the maximum applicable to the offense. 
Tex. Penal Code Ann. § 22.04(e) (West Supp. 1992). This is appellant's only criminal
conviction.

 Appellant is twenty-four years old. He has lived in Austin since infancy. 
Appellant's parents, grandmother, and several uncles and cousins live in Austin, as does his
fiancee. Appellant was employed before his arrest. Since that time, he has worked at various
temporary jobs when not incarcerated. While free on bond before trial, appellant lived with his
parents or with his fiancee. Appellant never missed a court appearance.

 Appellant's mother testified that he has no possessions except his bed and his
clothing. His parents still owe the attorneys who represented appellant at trial $12,000 of the
$20,000 fee. Appellant's mother estimates that she and her husband can pay no more than $1500
for a bond.

 The burden of proof is on the applicant for reduction of bail to show that the bail
set is excessive. Ex parte Vasquez, 558 S.W.2d at 479. We hold that appellant has not
demonstrated that the district court abused its discretion in setting bail in the present amount. The
first point of error is overruled.

 In his second point of error, appellant contends that the court erred by granting the
State's motion that it take judicial notice of all filings, proceedings, and records of his trial. 
Appellant argues that because the statement of facts from the trial had not been transcribed at the
time of the hearing, the noticed facts were not capable of accurate and ready determination. Tex.
R. Crim. Evid. 201(b). Appellant also notes that the court below is not the court in which he was
tried, that the judge below did not preside at his trial, and that his counsel in this habeas corpus
proceeding did not represent him at trial. See Ex parte Turner, 612 S.W.2d 611 (Tex. Crim.
App. 1981).

 Assuming that the court erred by granting the State's motion, we conclude that the
error was harmless. Tex. R. App. P. 81(b). At the conclusion of the habeas corpus hearing, the
court stated:



 The Court finds itself in a somewhat awkward position in this matter, not
having been the Court in which this matter was tried. Judge Thurman, with his
vast experience, having set the bond and this Court having to some extent learn the
thoughts of Judge Thurman is somewhat reluctant to do anything other than what
Judge Thurman would order. However, I don't believe Judge Thurman had the
benefit of these cases and Mr. Morgan's [defense counsel] able argument at the
time he set the bond.


 And based on these cases it does appear that the current bond is beyond what
the appellate courts would sustain. And for that reason alone the Court is going
to reduce the bond to $50,000 and let any further reduction be done by the Court
of Appeals.



From these remarks by the court, it is apparent that it did not consider any facts adduced at trial
in making its order. (2) Because the judicially noticed facts did not enter into the court's decision,
any error in taking judicial notice was harmless beyond a reasonable doubt.

 The order of the district court is affirmed.


[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: September 30, 1992

[Do Not Publish]
1. The judge who presided at appellant's trial and who initially set bail pending appeal has
retired. A different judge issued the writ of habeas corpus, conducted the hearing, and rendered
the order from which this appeal is taken.
2. All facts recited in this opinion were introduced in evidence at the hearing below.