Flori Dervishi v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-495-CR

FLORI DERVISHI APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant, Flori Dervishi, appeals from the trial court’s denial of bond pending appeal.  In one point, Dervishi contends that the trial court erred in denying him bail on a “non-3g offense”
(footnote: 2) pursuant to article 44.04(b) of the code of criminal procedure.  In addition, he argues that he is entitled to an appeal bond because the State presented no evidence that he posed a flight risk or that he is a risk to the complainant that is not resolvable by placing conditions on his bail.  We will affirm.

We review the trial court’s decision to deny an appeal bond under an abuse of discretion standard.  
Ex parte Spaulding
, 612 S.W.2d 509, 511 (Tex. Crim. App. 1981).
  A trial court’s ruling constitutes an abuse of discretion only when it is made without reference to any guiding rules or principles, so as to render the conclusion ultimately reached so arbitrary and unreasonable that it falls outside the zone within which reasonable minds may differ. 
 See Montgomery v. State
, 810 S.W.2d 372, 380, 391 (Tex. Crim. App. 1990) (op. on reh’g). 

Article 44.04(b) of the code of criminal procedure provides that a “defendant may not be released on bail pending the appeal from any felony conviction where the punishment equals or exceeds 10 years confinement or where the defendant has been convicted of an offense listed under Section 3g(a)(1), Article 42.12, but shall immediately be placed in custody and the bail discharged.”  
Tex. Code Crim. Proc. Ann.
 art. 44.04(b) (Vernon Supp. 2004-05).   Here, it is undisputed that Dervishi was convicted of aggravated assault by use of a deadly weapon, a non-3g(a)(1) offense, and that he received a nine-year sentence.  Thus, article 44.04(b) would not prohibit Dervishi from being released on bail pending his appeal.  
See id
.  However, the record does not reflect that the trial court relied on article 44.04(b) in denying Dervishi bond.  The record reflects that the trial court denied Dervishi bond pursuant to 44.04(c) of the code of criminal procedure.  
See id
. § 44.04(c).  Article 44.04(c) of the code of criminal procedure provides, in relevant part: 

Pending the appeal 
from any felony conviction other than a conviction described in Subsection (b) of this section, the trial court may deny bail and commit the defendant to custody if there then exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail, or permit the defendant to remain at large on the existing bail, or if not then on bail, admit him to reasonable bail until his conviction becomes final. 

Id
.

At the hearing on Dervishi’s motion to set bond, the trial court took judicial notice of the court’s file and the proceedings of the trial on the underlying offense, and heard testimony from Dervishi.  Dervishi testified that he was born in Macedonia but that he had lived in this country since 1971 and that he is a United States citizen.  He stated that he and his father own a pizzeria restaurant in Arlington, Texas, and that if released he would have a job to go to at the restaurant.  He indicated that initially he would go to live with his father in Arlington.  He testified that his wife and children were currently living with his mother in New Jersey, but that if released they would come to live with him in Arlington.  He testified that he has family members in Texas, New Jersey, and Connecticut.  He also testified that he has an American passport, but stated that he would have no problem surrendering that passport as a condition of bond.  Dervishi admitted, during cross-examination, that in addition to his conviction in this case, he had previously been convicted in Dallas County of stalking with a gun, and that he received a two-year sentence in that case.

Just prior to its summation, the State requested the trial court to take judicial notice of the court’s file and of the trial proceedings in the underlying case.
(footnote: 3)  The State then argued, in its summation, that Dervishi posed a “very serious risk” to the complainant.  The State reminded the court that the facts of the underlying case show that Dervishi had stalked, pursued, and harassed the complainant, and that he had traveled as far as Brazil to discover her whereabouts.  Dervishi lodged no objection to the State’s request for judicial notice or its characterization of the facts of the underlying case.  At the conclusion of the hearing, the trial court denied Dervishi bond finding there to be good cause to believe that Dervishi (1) would not appear, and (2) that he would commit further offenses if released on bond. 
 See
 
Tex. Code Crim. Proc. Ann.
 art. 44.04(c).

After reviewing the record, we can not say that the trial court acted without reference to any guiding rules or principles, or that the trial court’s decision was so arbitrary or unreasonable that it lies outside the zone in which reasonable minds may differ.  
See
 
Montgomery
, 810 S.W.2d at 380, 391.  Accordingly, we hold that the trial court did not abuse its discretion when it denied Dervishi an appeal bond.  We overrule Dervishi’s sole point on appeal and affirm the trial court’s judgment.

BOB MCCOY

JUSTICE

PANEL B: HOLMAN, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 26, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 3g(a)(1) (Vernon Supp. 2004-05).

3:
See Ex parte Turner
, 612 S.W.2d 611, 612 (Tex. Crim. App. 1981) (holding taking of judicial notice at habeas corpus hearing of evidence adduced at prior revocation hearing before same judge proper); 
Barrientez v. State
, 500 S.W.2d 474, 475 (Tex. Crim. App. 1973) (holding trial judge presiding over revocation hearing could take judicial notice of evidence adduced at criminal trial over which he presided).