COURT OF APPEALS

SECOND DISTRICT OF TEXAS
FORT WORTH
 NO. 2-04-495-CR
 

  
FLORI DERVISHI                                                                    APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
 

 
------------
 FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
 ------------
 MEMORANDUM OPINION[1]
 ------------
        Appellant, Flori Dervishi, appeals from the trial court’s denial of bond
pending appeal. In one point, Dervishi contends that the trial court erred in
denying him bail on a “non-3g offense”[2] pursuant to article 44.04(b) of the
code of criminal procedure.  In addition, he argues that he is entitled to an
appeal bond because the State presented no evidence that he posed a flight risk
or that he is a risk to the complainant that is not resolvable by placing
conditions on his bail.  We will affirm.
        We review the trial court’s decision to deny an appeal bond under an
abuse of discretion standard.  Ex parte Spaulding, 612 S.W.2d 509, 511 (Tex.
Crim. App. 1981).  A trial court’s ruling constitutes an abuse of discretion only
when it is made without reference to any guiding rules or principles, so as to
render the conclusion ultimately reached so arbitrary and unreasonable that it
falls outside the zone within which reasonable minds may differ. See
Montgomery v. State, 810 S.W.2d 372, 380, 391 (Tex. Crim. App. 1990) (op.
on reh’g).
        Article 44.04(b) of the code of criminal procedure provides that a
“defendant may not be released on bail pending the appeal from any felony
conviction where the punishment equals or exceeds 10 years confinement or
where the defendant has been convicted of an offense listed under Section
3g(a)(1), Article 42.12, but shall immediately be placed in custody and the bail
discharged.”  Tex. Code Crim. Proc. Ann. art. 44.04(b) (Vernon Supp. 2004-05).  Here, it is undisputed that Dervishi was convicted of aggravated assault
by use of a deadly weapon, a non-3g(a)(1) offense, and that he received a nine-year sentence.  Thus, article 44.04(b) would not prohibit Dervishi from being
released on bail pending his appeal.  See id.  However, the record does not
reflect that the trial court relied on article 44.04(b) in denying Dervishi bond.  
The record reflects that the trial court denied Dervishi bond pursuant to
44.04(c) of the code of criminal procedure.  See id. § 44.04(c).  Article
44.04(c) of the code of criminal procedure provides, in relevant part: 

  

Pending the appeal from any felony conviction other than a
conviction described in Subsection (b) of this section, the trial court
may deny bail and commit the defendant to custody if there then
exists good cause to believe that the defendant would not appear
when his conviction became final or is likely to commit another
offense while on bail, or permit the defendant to remain at large on
the existing bail, or if not then on bail, admit him to reasonable bail
until his conviction becomes final.
 

 Id.
        At the hearing on Dervishi’s motion to set bond, the trial court took
judicial notice of the court’s file and the proceedings of the trial on the
underlying offense, and heard testimony from Dervishi.  Dervishi testified that
he was born in Macedonia but that he had lived in this country since 1971 and
that he is a United States citizen.  He stated that he and his father own a
pizzeria restaurant in Arlington, Texas, and that if released he would have a job
to go to at the restaurant.  He indicated that initially he would go to live with
his father in Arlington.  He testified that his wife and children were currently
living with his mother in New Jersey, but that if released they would come to
live with him in Arlington.  He testified that he has family members in Texas,
New Jersey, and Connecticut.  He also testified that he has an American
passport, but stated that he would have no problem surrendering that passport
as a condition of bond.  Dervishi admitted, during cross-examination, that in
addition to his conviction in this case, he had previously been convicted in
Dallas County of stalking with a gun, and that he received a two-year sentence
in that case.
        Just prior to its summation, the State requested the trial court to take
judicial notice of the court’s file and of the trial proceedings in the underlying
case.[3]  The State then argued, in its summation, that Dervishi posed a “very
serious risk” to the complainant.  The State reminded the court that the facts
of the underlying case show that Dervishi had stalked, pursued, and harassed
the complainant, and that he had traveled as far as Brazil to discover her
whereabouts.  Dervishi lodged no objection to the State’s request for judicial
notice or its characterization of the facts of the underlying case.  At the
conclusion of the hearing, the trial court denied Dervishi bond finding there to
be good cause to believe that Dervishi (1) would not appear, and (2) that he
would commit further offenses if released on bond.  See Tex. Code Crim. Proc.
Ann. art. 44.04(c).
        After reviewing the record, we can not say that the trial court acted
without reference to any guiding rules or principles, or that the trial court’s
decision was so arbitrary or unreasonable that it lies outside the zone in which
reasonable minds may differ.  See Montgomery, 810 S.W.2d at 380, 391.  
Accordingly, we hold that the trial court did not abuse its discretion when it
denied Dervishi an appeal bond.  We overrule Dervishi’s sole point on appeal
and affirm the trial court’s judgment.
   
   
                                                                  BOB MCCOY
                                                                  JUSTICE
  

 
PANEL B:   HOLMAN, GARDNER, and MCCOY, JJ.
 DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 DELIVERED: May 26, 2005

 
NOTES


1.  See Tex. R. App. P. 47.4.


2.  Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1) (Vernon Supp. 2004-05).


3.  See Ex parte Turner, 612 S.W.2d 611, 612 (Tex. Crim. App. 1981) (holding
taking of judicial notice at habeas corpus hearing of evidence adduced at prior
revocation hearing before same judge proper); Barrientez v. State, 500 S.W.2d
474, 475 (Tex. Crim. App. 1973) (holding trial judge presiding over revocation
hearing could take judicial notice of evidence adduced at criminal trial over
which he presided).