**AFFIRM; and Opinion Filed August 4, 2015.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-15-00485-CR

### CLEVELAND NIXON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. F11-21243-X**

## MEMORANDUM OPINION
Before Justices Bridges, Lang, and Schenck
Opinion by Justice Schenck

Cleveland Nixon was convicted, following the adjudication of his guilt, of injury to a child and sentenced to five years' imprisonment.[1]  Appellant filed a motion for bail pending appeal, which was denied, and this appeal followed.  We affirm the trial court's order.

### BACKGROUND

On June 27, 2012, appellant entered a negotiated guilty to the third-degree felony offense of injury to a child. The trial court followed the plea agreement, deferred adjudicating appellant's guilt, placed him on five years' community supervision, and assessed a $1,000 fine.  On March 26, 2014, the State filed a motion to proceed to proceed with adjudication of guilt, alleging

---

[1] The appeal from the conviction is pending before this Court, docketed as cause no. 05-14-01627-CR, *Cleveland Nixon v. The State of Texas*.

appellant violated condition (a) of his supervision by committing the offense of assault on a family member. The trial court declined to adjudicate appellant guilty at that time, but continued him on community supervision and modified the conditions of his supervision. One condition of supervision was that appellant have no contact with Keisha Pope Nixon,[2] the complaining witness on the family violence assault. On September 29, 2014, the State filed an amended motion to adjudicate guilt, again alleging the March 2014 family violence offense, as well as a new family violence offense and that appellant did not refrain from contacting Pope Nixon. Following a contested hearing on the motion to adjudicate, the trial court found the allegations true, adjudicated appellant guilty, and sentenced him to five years' imprisonment.

On September 25, 2014, four days before the adjudication hearing, appellant sought release on bail pending determination of the motion to adjudicate. The trial court did not release appellant on bail at that time. After the trial court adjudicated appellant's guilt and sentenced him to prison on September 29, 2014, appellant orally requested an appeal bond. A hearing was conducted on October 14, 2014. At the conclusion of the hearing, the trial court orally denied appellant's motion for bond pending appeal, but no written order was entered at that time. On January 2, 2015, appellant filed a written motion for bond pending appeal. No new hearing was conducted on the motion. The trial court entered a written order denying to motion on April 2, 2015.[3]

---

[2] Pope Nixon and appellant were married after the conditions of appellant's supervision were modified to include the no-contact provision.

[3] In the interim, appellant filed a petition for writ of mandamus complaining the trial court had not issued a written order on the January 2, 2015 motion, thereby preventing appellant from appealing the trial court's ruling. This Court conditionally granted mandamus relief on March 25, 2015, and ordered the trial court to sign a written order ruling on the motion for bail pending appeal. *In re Nixon*, No. 05-15-00263-CV, 2015 WL 1346137 (Tex. App.—Dallas Mar. 25, 2015, orig. proceeding) (mem. op.).

## APPLICABLE LAW

Article 44.04(c) of the Texas Code of Criminal Procedure provides the procedure for bail pending appeal. It provides that pending appeal from a felony conviction other than one in which the sentence imposed is ten years or more or involves a conviction for an offense listed in article 42.12, section 3g(a)(1) of the Texas Code of Criminal Procedure,[4] "the trial court may deny bail and commit the defendant to custody if there then exists good cause to believe the defendant . . . is likely to commit another offense while on bail, permit the defendant to remain at large on the existing bail, or, if not then on bail, admit him to reasonable bail until his conviction becomes final." TEX. CODE CRIM. P. ANN. art. 44.04(c) (West 2006).

A defendant who has been convicted no longer enjoys a presumption of innocence. *See Coble v. State*, 871 S.W.2d 192, 207 (Tex. Crim. App. 1993); *Coutta v. State*, 385 S.W.3d 641, 652 (Tex. App.—El Paso 2012, no pet.). The only interest that is furthered by a defendant's right to remain free during appeal is the interest in protecting the defendant from an erroneous judgment. *Ex parte Anderer*, 61 S.W.3d 398, 406 (Tex. Crim. App. 2001). That interest must be balanced against the interest of society in enforcing the penal laws. *Id.*

We review the trial court's decision to deny bail pending appeal under an abuse of discretion standard. *See Ex parte Turner*, 612 S.W.2d 611, 612 (Tex. Crim. App. 1981). In conducting the review, we review the evidence in the light most favorable to the trial court's ruling, and we must defer to the trial court's findings of fact that are supported by the record. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We give "almost total deference" to the trial court's findings of fact, especially where they turn on the credibility

---

[4] Because appellant was convicted of the third-degree felony offense of injury to a child, his case does not fall under subsection (b). *See* TEX. PENAL CODE ANN. § 22.04(a)(3) (West Supp. 2014); TEX. CODE CRIM. P. ANN. art. 42.12, § 3g(a)(1)(I) (West Supp. 2014).

and demeanor of witnesses. *Ex parte White*, 160 S.W.3d 46, 50 (Tex. Crim. App. 2004). We review the trial court's conclusions of law de novo. *See Ex parte Brown*, 158 S.W.3d 449, 453 (Tex. Crim. App. 2005) (per curiam); *Ex parte Peterson*, 117 S.W.3d at 819.

### CONSIDERATION OF ENTIRE RECORD

We first address appellant's third issue in which he asserts the trial court was only permitted to consider the testimony presented at the October 14, 2014 bond hearing in ruling on the motion for bail. Appellant states that nothing in the record shows the evidence from the prior hearings was either admitted into evidence or that the trial court took judicial notice of the evidence presented in those proceedings. The State responds that the trial court was not restricted to the evidence presented at the October 14 hearing, and the record shows the trial court did take into consideration the evidence presented at the previous hearings. We agree with the State.

At the beginning of the October 14, 2014 hearing, the trial court specifically referenced the previous proceedings and asked appellant's counsel if he wanted "to put a little more testimony on the record concerning the appeal bond." The trial court's order references testimony and argument at the hearing as well as testimony presented at the previous hearings. Pope Nixon's testimony at the October 14, 2014 hearing also refers explicitly back to testimony she gave at the adjudication hearing.

The trial court is not required to use magic words to establish that it has considered the evidence previously presented to it. The trial court sat as fact finder at the September 25, 2014 pre-adjudication bond hearing and the September 29, 2014 adjudication hearing, and was clearly considering the evidence presented at the hearings in making its ruling on the motion for an appeal bond. *See In the Interest of J.J.C.*, 302 S.W.3d 436, 446 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (trial court presumed to "judicially know" what has previously taken place in case tried before it.). We overrule appellant's third issue.

–4–

## SUFFICIENCY OF EVIDENCE TO SUPPORT RULING

In his first, second, and fourth issues, appellant contends the trial court abused its discretion in denying appellant's motion for an appeal bond because the record does not support the trial court's decision. The State responds that the record is sufficient to support the trial court's ruling.

At the September 25, 2014 hearing, Pope Nixon testified that she and appellant "eloped" to Las Vegas and got married there on August 9, 2014. Pope Nixon testified that she was the complaining witness on the March 2014 assault; she also testified about a "scraped knee incident" in Las Vegas. Pope Nixon testified that she signed an affidavit of non-prosecution regarding the March 2014 alleged assault. She testified she "was off" her medication and had been drinking at the time. She testified that she did not "make up" the incidents she reported to the police, but the events "did not happen as they are stated" in the police reports. As regards the March 2014 incident, which involved an allegation that appellant choked Pope Nixon, she testified that appellant was "defending himself" and "holding [her] off [of] him." She further testified that she and appellant had contact with each other despite the no contact condition of community supervision. She testified that she and appellant had been "residing together" since their marriage, and asked that the no contact condition be removed.

Appellant testified at the September 25, 2014 hearing that he received deferred adjudication for a misdemeanor assault involving Pope Nixon and the injury to a child offense involving Pope Nixon's son. He nevertheless testified that he never did anything to Pope Nixon or her son. Appellant testified the incident involving Pope Nixon's son involved he and the son "falling to the floor." Appellant testified he never "put his hands on" Pope Nixon. He further testified he married Pope Nixon because she told him she would "tell the truth" that he did not choke her, and she would drop the charges against him.

At the September 29, 2014 adjudication hearing, Pope Nixon testified appellant had received one-year's deferred adjudication community supervision for assaults against herself and one of her children, and five years' deferred adjudication community supervision for an assault on another of her children.[5] She testified that appellant had pushed her and there was some "shoving" between appellant and her sons. In March 2014, Pope Nixon called the police and reported appellant had strangled her. She also reported to the police that her arm was in a sling because of an "incident" involving her and appellant in Rockwall. Pope Nixon also went to the emergency room in Grand Prairie because of a knee injury, and hospital personnel contacted the police based on information Pope Nixon had given that she and her husband "had gotten into it." Pope Nixon testified that, while she did not lie about the incidents she reported to the police, they did not occur as set out in the police reports. She claimed to have been drinking and may have taken pain medication, and did not remember exactly what she told the police. Pope Nixon further testified that appellant was "around [her] consistently."

On October 14, 2014, the trial court conducted a hearing on appellant's oral motion for an appeal bond. At the hearing on appellant's motion for bond, Pope Nixon testified that appellant did not hit her on either of the two occasions alleged in the amended motion to adjudicate guilt. Pope Nixon testified again that she was intoxicated and/or on medication and that she falsely reported that appellant had assaulted her. Pope Nixon did testify that appellant had hit her on one occasion and hit her son on one occasion, and she continued to have contact with appellant while he was on community supervision.

The complete record shows that on June 27, 2012, appellant pleaded guilty to injury to a child. The trial court deferred adjudication of appellant's guilt, placed him on five years' community supervision, and assessed a $1,000 fine. The court placed a no-contact condition on

---

[5] This assault was the basis of the injury to a child charge.

appellant following a hearing on a motion to adjudicate guilt alleging a felony family violence assault on Pope Nixon. The record includes testimony that appellant had continued contact with Pope Nixon following the imposition of that condition, including the wedding trip to Las Vegas. There was also testimony of three reported assaults by appellant on Pope Nixon during the time he was on community supervision. Pope Nixon gave somewhat conflicting testimony about the nature of those assaults and whether they occurred, referencing the consumption of alcohol and/or medication, and a lapsed memory as to what she actually told responding law enforcement officers. Pope Nixon also testified that she and appellant had continuous contact each other.

The trial court, as fact finder, was the sole judge of the credibility of the witnesses. As such, the trial court was free to disbelieve the testimony of any witness and to draw reasonable inferences from the record of assaults and numerous police and medical reports. Viewing the record as a whole and with proper deference to the trial court's role as fact finder, we conclude that the evidence supports the trial court's findings of fact. We further conclude the trial court did not abuse its discretion in denying bail. We overrule appellant's first, second, and fourth issues.

We affirm the trial court's order denying appellant's motion for bail pending appeal.

/David J. Schenck/

DAVID J. SCHENCK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

150485F.U05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CLEVELAND NIXON, Appellant

No. 05-15-00485-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas
Trial Court Cause No. F11-21243-X.
Opinion delivered by Justice Schenck, Justices Bridges and Lang participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's order denying appellant's motion for bail pending appeal.

Judgment entered this 4th day of August, 2015.