**Opinion filed March 31, 2017**



## In The

# Eleventh Court of Appeals

_____

## No. 11-16-00278-CR

_____

### RUBEN HERNANDEZ, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-45,261**

### M E M O R A N D U M   O P I N I O N

Appellant, Ruben Hernandez, has filed an appeal from an order in which the trial court denied a motion to set reasonable bail pending Appellant's appeal of the underlying conviction.[1]  *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(c), (g) (West Supp. 2016); *see also* TEX. R. APP. P. 31.  We affirm.

#### I. *Denial of Appeal Bond*

In the underlying case, Appellant was adjudicated guilty of the felony offense of enticing a child with intent to commit a felony against the child and was sentenced

---

[1]We note that the appeal from the underlying conviction is currently pending in this court in our Cause No. 11-16-00200-CR.

to confinement for five years.[2]  Appellant filed a motion for bond pending appeal. The trial court denied this motion without conducting a hearing.  The trial court similarly denied Appellant's second motion for an appeal bond.  Upon Appellant's filing of his third motion asking the trial court to set bail in a reasonable amount for purposes of an appeal bond, the trial court conducted a hearing, denied the motion, and refused to set bail for an appeal bond.

Pursuant to Article 44.04(c) of the Code of Criminal Procedure, Appellant was eligible to be released on bond pending appeal.  Article 44.04(c) provides:

> Pending the appeal from any felony conviction other than a conviction described in Subsection (b) of this section, *the trial court may deny bail and commit the defendant to custody if there then exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail*, permit the defendant to remain at large on the existing bail, or, if not then on bail, admit him to reasonable bail until his conviction becomes final. The court may impose reasonable conditions on bail pending the finality of his conviction. On a finding by the court on a preponderance of the evidence of a violation of a condition, the court may revoke the bail.

CRIM. PROC. art. 44.04(c) (emphasis added).  Although Appellant was eligible for bail, the trial court found that good cause existed to deny bail.  The trial court ruled, with respect to Appellant's first motion, that Appellant was likely to commit another offense while on bail.  At the conclusion of the hearing on Appellant's third motion, the trial court expressed concern that Appellant would flee.

## II. *Trial Court's Exercise of Discretion*

In his sole issue on appeal, Appellant contends that the trial court abused its discretion when it denied bail pending appeal.  A trial court's finding of good cause to deny bail under Article 44.04(c) will not be disturbed on appeal in the absence of an abuse of discretion by the trial court.  *Ex parte Spaulding*, 612 S.W.2d 509, 511

---

[2]*See* TEX. PENAL CODE ANN. § 25.04 (West 2011).

(Tex. Crim. App. 1981). Under an abuse of discretion standard, we will not disturb a trial court's decision as long as it was within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).

Appellant called six witnesses to testify at the appeal-bond hearing. In general, these witnesses testified about Appellant's background, ties to the community, close ties to his family, and excellent relationship with his young daughters as their primary caregiver. The State cross-examined these witnesses but called no witnesses of its own. The testimony indicated that an unindicted charge was pending against Appellant for a second-degree felony of possession of a controlled substance[3] and that $150,000 in cash was located at a business owned by Appellant. Appellant had no convictions prior to the underlying conviction for enticing a child, and there was no evidence of a previous escape, failure to appear, or bond forfeiture.

At the conclusion of the bond hearing, the trial court stated on the record that it had considered not only the evidence presented at the bond hearing but also the evidence presented at the "revocation" hearing, which was a hearing on the State's motion to adjudicate. The record from that hearing is before us in the underlying cause, and we have also reviewed it. At that hearing, the State presented evidence on the sole allegation in its motion to adjudicate: that Appellant had possessed a firearm in violation of the terms and conditions of his deferred adjudication community supervision.

The trial court acted appropriately when it considered the evidence presented at the prior hearing. *See Ex parte Turner*, 612 S.W.2d 611, 611–12 (Tex. Crim. App.

---

[3]We note that one of the bases for the trial court's ruling was, as stated by the trial court, that "drug allegations have apparently been raised by the United States Department of Justice Drug Enforcement Administration related to [Appellant's smoke shop] operation." The evidence presented at the hearings did not support this statement. The evidence did, however, indicate that an unindicted charge was pending against Appellant for a second-degree felony of possession of a controlled substance.

1981) (approving trial court's taking of judicial notice of evidence presented at prior revocation hearing when it held a hearing and denied request for appeal bond). Both of the proceedings—the hearing on the motion to adjudicate Appellant's guilt and the hearing on his motion for an appeal bond—were before the same judge. As additional factors that weighed on whether Appellant was likely to flee and not appear, the trial court specifically noted that Appellant would have to serve the sentence if the conviction in the underlying cause is upheld on appeal, that both of Appellant's businesses had closed, that he experienced related financial difficulties; that one of his daughters had moved to another jurisdiction, that he had another felony charge pending in Ector County, and that a large amount of cash ($150,000) was located at his tobacco shop business.

Although this court may not have reached the same result as the trial court, under this record, we cannot hold that the trial court abused its discretion when it found that good cause existed to deny Appellant's request for an appeal bond either because of a belief that he would not appear if his conviction became final or because he was likely to commit another crime while on bail. *See, e.g.*, *Turner*, 612 S.W.2d at 612 (upholding finding that the appellant, based upon crime committed while on probation, was likely to commit another crime). Appellant's issue on appeal is overruled.

III. *This Court's Ruling*

We affirm the order of the trial court.


                                                          MIKE WILLSON

March 31 2017                                             JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.