Opinion issued June 5, 2008














 

 

 

Opinion issued June 5, 2008   

 

 

                                                                        

 

                                                

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 


 



NO.   01-07-00339-CR

 




 
 
 
 
 
 
 


 



YSIDRO RIOS RIVERA, Appellant

 

V.

 

STATE OF TEXAS,
Appellee

 

 



On Appeal from the 405th District Court

Galveston County, Texas

Trial Court Cause No. 03CR1031

 



                                                                                 

MEMORANDUM OPINION

          In
March 2003, after reaching a plea agreement with the State, appellant Ysidro
Rios Rivera, Jr. pleaded nolo contendere to the felony offense of aggravated
sexual assault of a child.  See Tex.
Penal Code Ann. § 22.021(a)(1)(B) (Vernon Supp. 2007).  The trial court deferred adjudication of
Rivera’s guilt in accordance with the plea agreement, and then placed him on
community supervision for ten years.  In
July 2005, the State moved to adjudicate Rivera’s guilt, alleging that Rivera
had committed numerous violations of the conditions of his deferred
adjudication.  Rivera pleaded not true to
the alleged violations.  The trial court
held a hearing and found Rivera in violation of six of those conditions.  Based on those findings, the trial court
adjudicated Rivera’s guilt and sentenced him to fifty years in the
Institutional Division of the Texas Department of Criminal Justice.

          Rivera
contends that the trial court erred in (1) not considering the nature of and
circumstances surrounding the original offense, as well as character and
reputation evidence offered in mitigation, in determining the sentence; and (2)
admitting evidence of extraneous offenses, including extensive testimony from
Rivera’s subsequent criminal trial in cause number 05-CR-2241 (the “subsequent
cause”),[1] in
adjudicating his guilt and imposing his sentence.  Finding no error, we affirm.  

Background

          In
the hearing on the State’s motion to adjudicate, the trial court found that
Rivera failed to adhere to the conditions of his community supervision, namely,
that he:

No. 1.                   Commit no offense against the
laws of the State of Texas or of any other
state, the United States
or any government entity;

 

No. 4.                   Report in person to the
Supervision Officer, at least once each month as directed by the Supervision
Officer and obey all rules and regulations of the G.C.C.S.C.D.;

 

No. 36.        Attend psychological counseling sessions
for sex offenders with an individual or organization which provides sex offender
treatment as specified by or approved by the judge and the community
supervision department.  Defendant shall
participate in the group and individual counseling sessions as directed by the
attending therapist.  Defendant shall
execute releases of confidential information permitting free and mutual
exchange of information, documents and progress reports between the community
supervision and correction department and the counseling agency
(therapist).  Defendant shall pay for the
cost of his evaluation and counseling to the extent of his financial
ability.  The Defendant shall obey all
rules, regulations and policies of the designed program, attend all sessions
and complete all homework assignments until successfully terminated by the
attending therapist and community supervision officer;

 

No. 52.        Have no contact with minor children
without another adult present who has been designated as a chaperon by one of
the Department’s approved sex offender therapists and the community supervision
officer except for Samuel Augustine Rivera (11/9/91);

 

No. 53.        Have no contact with minor children
without another adult present except for Samuel Augustine Rivera (11/9/91);

 

No. 61.        Defendant shall not engage in any sort
of communication including in person, through another person, telephone,
letters, e-mail, Internet, “Chat Room” or faxes with any persons under the age
of eighteen (18).

 

Following a sentencing hearing on
March 9, 2007, the trial court sentenced Rivera to fifty years in the
Institutional Division of the Texas Department of Criminal Justice.  

Discussion

A.      Sentencing Error

          Rivera
contends that the trial court abused its discretion in sentencing him without
considering mitigating evidence such as the nature of the violations, the facts
surrounding the violations, character and reputation evidence, the nature of
the underlying offense, the facts surrounding that offense, and his own
statement. 

           A trial court has wide latitude to determine
the appropriate punishment for a conviction. 
If the sentence imposed is within the statutory guidelines for the
criminal conduct at issue, we will not disturb the sentence on appeal.  Benjamin v. State, 874 S.W.2d 132, 135
(Tex. App.—Houston [14th Dist.] 1994, no pet.) (citing Jackson v. State,
680 S.W.2d 809, 814 (Tex. Crim. App. 1984)); see also Nunez v. State,
565 S.W.2d 536, 538 (Tex. Crim. App. 1978).

          Rivera
pleaded nolo contendere to the first degree felony offense of aggravated sexual
assault of a child.  Texas law prescribes the range of punishment
for this offense as imprisonment for life or for no more than 99 years and no
less than 5 years, with the possible addition of a fine of up to $10,000.  Tex.
Penal Code. Ann. § 12.32(a)–(b) (Vernon 2003).  Rivera’s sentence of fifty years’ confinement
falls within that statutory range of punishment.  Further, as long as the trial court had some
evidence or facts before it to support its determination, the decision will be
upheld.  Jackson, 680 S.W.2d at 814.  

Following the trial court’s
acceptance of Rivera’s plea bargain with the State, the trial court found that
it was in the best interest of society and Rivera to defer adjudication of
guilt and place him on community supervision. 
In its motion to adjudicate, the State alleged that Rivera violated the
terms and conditions of deferred adjudication by having unauthorized contact
and communication with a child, failing to attend his required therapy
sessions, and committing a subsequent felony offense of aggravated sexual
assault of a child, for which he was tried and convicted by the same trial
court.  As support for those allegations,
the State offered testimony from Rivera’s probation officer, who stated that
Rivera failed to appear for a scheduled appointment with her and that Rivera
also failed to attend a scheduled psychological counseling session for sex
offenders.  Rivera’s failure to attend
these two appointments violated two terms of his community supervision.

          Here,
the trial court also admitted into evidence, over defense objections, the
entire reporter’s record of the trial in the subsequent cause.  That record contains trial testimony which shows
that Rivera violated four additional conditions of his community
supervision.  Finally, the trial court
received a pre-sentence investigation report and heard punishment testimony in
a separate hearing.  The evidence before
the trial court supports the sentence imposed. 
See Jackson,
680 S.W.2d at 814.  Rivera, however,
further contends that the trial court abused its discretion during his
sentencing because, although the trial court admitted mitigating evidence, it failed
to consider it.  A defendant has a
limited right to challenge errors made after a formal adjudication of guilt,
including whether he received an opportunity to present evidence in mitigation
of punishment.  Issa v. State, 826
S.W.2d 159, 161 (Tex. Crim. App. 1992).  Mitigating
evidence is evidence that might reduce the defendant’s “moral
blameworthiness.”  Tex. Code Crim. Proc. Ann. art. 37.071 §
2(f)(4) (Vernon
Supp. 2007).  The accused may also offer character
evidence.  Tex. R. Evid. 404(a)(1)(A). 


          The
trial court allowed Rivera to present extensive evidence in mitigation of
punishment.  The record reflects that the
trial court heard several witnesses at the sentencing hearing who testified on Rivera’s
behalf.  These witnesses included
Rivera’s father, who testified that Rivera was living with him, was always very
respectful to the family, worked as a butcher, and helped the family out with
money and also through performing various family chores, and his cousin, who
spoke of Rivera’s role in her life as a father figure who helped raise her and
provided for her as a child both financially and personally.  In addition, Rivera took the stand to testify
about his career as a butcher and his family’s need for his financial support,
and ask for the court’s mercy.  After
Rivera’s testimony, the defense rested.

          The
trial court only need afford a defendant an opportunity to present evidence in
mitigation of punishment sometime during the proceedings, either before or
after the adjudication of guilt.  Pearson
v. State, 994 S.W.2d 176, 176 (Tex. Crim. App. 1999).  Rivera received the opportunity to which he
was entitled.  The fact that the trial
court imposed a fifty-year sentence on Rivera does not demonstrate that the
trial court failed to consider Rivera’s mitigating evidence.  The trial judge is in a unique position to
evaluate the credibility of the witnesses during the punishment phase, and, on
appellate review, we do not question its credibility determinations, or the
weight it accords to the evidence before it.  Canseco
v. State, 199 S.W.3d 437, 439 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d).  Based on all of the evidence before
the trial court, and the applicable sentencing range, we conclude that the
trial court did not abuse its discretion in sentencing Rivera.

B.      Evidentiary Error

          Rivera
complains that the trial court erred in admitting into evidence the reporter’s
record in his subsequent cause because: (1) that cause had not been finally
adjudicated on appeal; and (2) it deprived him of his right to
cross-examination.  

The record reflects that
the same trial judge that held the revocation hearing presided over the trial
of the subsequent cause, and therefore, had the opportunity to view the witnesses
in that trial and arrive at its own determinations of their credibility and the
weight to be accorded to their testimony. 
“When the same trial court presides over both the revocation hearing
and the trial of the offense that is the basis for revocation, the trial court
can take judicial notice of the evidence introduced in that prior proceeding.”  Akbar v. State, 190 S.W.3d 119, 123 (Tex. App.—Houston
[1st Dist.] 2005, no pet.) (citing Barrientez v. State, 500 S.W.2d 474, 475 (Tex. Crim.
App. 1973)).  As the trier of fact, the
trial court may weigh the credibility of the witnesses from that prior proceeding
and determine whether the allegations in the motion to revoke are true.  Id.
 Thus, even if the subsequent conviction
is overturned on appeal because the evidence does not prove beyond a reasonable
doubt that Rivera committed that crime, it was not constitutional error for the trial court to adjudicate Rivera’s guilt based upon
the same evidence because the standard of proof at an adjudication hearing is proof by a preponderance of
the evidence, rather than proof beyond a reasonable doubt.  Id. (citing Bradley v. State, 608 S.W.2d 652, 656
(Tex. Crim. App. 1980)).  Moreover, “[t]he application of the Barrientez
rule is not a denial of the right to confront and to cross-examine
witnesses.”  Id. (citing Barrientez, 500 S.W.2d
at 475).

Because the same trial
judge presided over both the trial of the subsequent cause and his revocation
hearing, the trial court acted within its discretion in taking judicial notice
of the record in the subsequent cause and considering it in deciding whether to
adjudicate Rivera’s guilt.  

Rivera also complains that the trial
court erred in considering the same evidence during the punishment hearing,
pointing to the trial court’s statement to him that, “you have been convicted
by a jury of a similar offense and I have found the allegations regarding those
similar offenses to be true.”  Texas law provides that, during a punishment hearing,

evidence may be
offered by the state and the defendant as to any matter the court deems
relevant to sentencing, including but not limited to the prior criminal record
of the defendant, his general reputation, his character, an opinion regarding
his character, the circumstances of the offense for which he is being tried,
and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other
evidence of an extraneous crime or bad act that is shown beyond a reasonable
doubt by evidence to have been committed by the defendant or for which he could
be held criminally responsible, regardless
of whether he has previously been charged with or finally convicted of the
crime or act.  

 

Tex. Code Crim. Proc. art. 37.07, §
3(a)(1) (Vernon Supp. 2007) (emphasis added); see Smith v. State, 227
S.W.3d 753, 759–60 (Tex. Crim. App. 2007). 
Furthermore, by denying that he had any sexual contact with the complainant in the subsequent
cause during his direct examination at the sentencing hearing, Rivera invited
the State to address it in rebuttal. 
Consequently, we hold that the trial court did not abuse its discretion
in considering the subsequent cause during the punishment hearing in this
case.  

Conclusion

          We
hold that the trial court duly permitted Rivera to present mitigating evidence
and acted within its discretion in sentencing Rivera.  We further hold that the trial court acted
within its discretion in considering Rivera’s conviction in the subsequent
cause, among other factors, in revoking Rivera’s community supervision and
sentencing Rivera.  We therefore affirm
the trial court’s judgment.

 

Jane Bland

                                                Justice

 

Panel consists of Chief Justice Radack and Justices
Jennings and Bland.

 

Do not publish.  See Tex. R. App. P. 47.2(b).

 

 

 

 

 

 

 











[1] This Court recently affirmed Rivera’s conviction in
that case.  See Ysidro Rios Rivera v. State of Texas,
No. 01-06-01114-CR, 2008 WL 1827649 (Tex.
App.—Houston
[1st Dist.] Apr. 24, 2008, no pet. h.)