# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-11-00145-CR

**Kris Michael Lewis Turnbull, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 64061, THE HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Kris Michael Lewis Turnbull appeals the trial court's judgment adjudicating him guilty of the offense of theft and sentencing him to ten years in prison. *See* Tex. Penal Code § 31.03(a), (e)(5); Tex. Code Crim. Proc. art. 42.12, § 5(b). On appeal, he contends the evidence was insufficient to prove that he violated the terms and conditions of his community supervision. Finding the evidence sufficient, we affirm the trial court's judgment of adjudication.

### BACKGROUND

On March 13, 2009, Turnbull pled guilty to the offense of theft of property valued at $20,000 or more but less than $100,000, a third degree felony. *See* Tex. Penal Code § 31.03(a), (e)(5). Pursuant to a plea bargain, the trial court deferred adjudication of guilt and placed him on community supervision for a period of five years. *See* Tex. Code Crim. Proc. art. 42.12, § 5(a). The conditions of Turnbull's community supervision included, among other things, that he (1) neither

commit nor be convicted of any offense against the laws of the State of Texas, any other state, or the United States (condition 1); and (2) not own, possess, use, or transport a firearm or ammunition (condition 16). In its motion to adjudicate guilt, filed eight months later, the State alleged that Turnbull violated these two conditions on September 26, 2009, by committing the offense of capital murder, namely, intentionally causing the death of Timothy Manning by shooting him with a firearm while in the course of committing the offense of robbery of Timothy Manning. Turnbull was tried and convicted for that capital murder in Bell County cause number 65621, at a jury trial held a few weeks before the adjudication hearing.[1]

The trial court conducted a hearing on the motion to adjudicate on February 20, 2011. Both the trial and the adjudication hearing were in the same court before the same judge. In addition, the same attorneys represented Turnbull at both proceedings. At the hearing, Turnbull pled not true to all the allegations in the motion.[2] The State requested that the court consider the evidence from the capital murder trial conducted earlier that month as evidence supporting the allegations of violation. When questioned by the trial court, defense counsel indicated that the defense had "[n]o legal objection" to the trial judge considering the testimony and evidence she previously heard in that trial. The trial judge indicated that she would consider that evidence for purposes of the allegations

---

[1] Turnbull appealed his capital murder conviction in cause number 65621, and that appeal is currently pending in this Court as our appellate number 03-11-00118-CR. We affirm that judgment of conviction in an opinion delivered today. *Turnbull v. State*, No. 03-11-00118-CR (Tex. App.—Austin Oct. 24, 2013, no pet. h.) (mem. op., not designated for publication).

[2] In addition to the two previously mentioned violations alleged in paragraphs A (committing the offense of capital murder) and B (possessing or using a firearm), paragraphs C through J of the motion to adjudicate alleged violations of condition 21 of his supervision that required Turnbull to pay certain fees in connection with his supervision.

in the motion to adjudicate, in essence taking judicial notice of the evidence introduced at the trial. *See Barrientez v. State*, 500 S.W.2d 474, 475 (Tex. Crim. App. 1973) (when same trial court judge presides over both revocation hearing and trial of offense that is basis for revocation, trial court can take judicial notice of evidence introduced in that prior proceeding); *Staten v. State*, 328 S.W.3d 901, 906 (Tex. App.—Beaumont 2010, no pet.) (same); *Akbar v. State*, 190 S.W.3d 119, 123 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (same). After hearing testimony from a community supervision officer about the technical violations alleged in paragraphs C through J, the trial court found that Turnbull had violated the conditions of his supervision as alleged in paragraphs A through J. The court revoked Turnbull's deferred adjudication community supervision, adjudicated him guilty of the theft offense, and sentenced him to ten years in prison. *See* Tex. Penal Code § 12.34; Tex. Code Crim. Proc. art. 42.12, § 5(b). Turnbull appeals the judgment adjudicating guilt.

## STANDARD OF REVIEW

If the State alleges that a defendant on deferred adjudication has violated a condition of community supervision, he is entitled to a hearing for the trial court to determine whether to proceed with an adjudication of guilt on the original charge. Tex. Code Crim. Proc. art. 42.12, § 5(b). This determination is reviewable in the same manner as a community supervision revocation hearing conducted in a case in which an adjudication of guilt had not been deferred. *Id.*; *see Leonard v. State*, 385 S.W.3d 570, 572 n.1 (Tex. Crim. App. 2012) ("[T]he hearing on whether the defendant violated the terms of community supervision may be called an 'adjudication hearing,' but it is

governed by the same rules as a hearing to revoke community supervision and is, in practical terms, a hearing on whether to revoke the defendant's deferred adjudication community supervision.").

We review a trial court's decision to revoke community supervision for abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). An abuse of discretion occurs "only when the trial judge's decision was so clearly wrong as to lie outside the zone within which reasonable minds might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). In a community supervision revocation proceeding, the State has the burden of proving a violation of the conditions of community supervision by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763–64; *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The State satisfies this burden when the greater weight of the credible evidence before the court creates a reasonable belief that a condition of probation has been violated as alleged. *Rickels*, 202 S.W.3d at 764; *Jenkins v. State*, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 493–94.

We view the evidence presented in a revocation proceeding in the light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *Mauney v. State*, 107 S.W.3d 693, 695 (Tex. App.—Austin 2003, no pet.). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Garrett*, 619 S.W.2d at 174; *Mauney*, 107 S.W.3d at 695. When more than one violation of the conditions of community supervision is found by the trial court, proof by a preponderance of the evidence of any one of the alleged violations is sufficient to support revocation. *Moore v. State*, 605 S.W.2d 924,

4

926 (Tex. Crim. App. 1980); *Atchison v. State*, 124 S.W.3d 755, 758 (Tex. App.—Austin 2003, pet. ref'd).  Thus, to prevail on appeal, an appellant must successfully challenge all of the trial court's findings that support revocation.  *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. 1978); *Silber v. State*, 371 S.W.3d 605, 611 (Tex. App.—Houston [1st Dist.] 2012, no pet.).  The trial court's judgment will be upheld if the evidence is sufficient under any ground alleged.  *See Dunavin v. State*, 611 S.W.2d 91, 101 (Tex. Crim. App. 1981).

## PROOF OF VIOLATION

Turnbull maintains that the trial court erred in considering the evidence from the capital murder trial because that evidence was derived from the erroneous admission of (1) a surveillance video recording depicting him shooting the victim in the head and (2) a firearms report concerning the results of ballistics testing conducted on the murder weapon.  He argues that, absent this evidence, the evidence is insufficient to support adjudication.  However, when the State offered the evidence from the capital murder trial for the court's consideration in the adjudication hearing, Turnbull's attorney affirmatively stated that he had "no legal objection."  A defendant affirmatively waives his right to have the trial court determine the admissibility of evidence when he states he has "no objection" to the evidence when it is offered by the State.  *Holmes v. State*, 248 S.W.3d 194, 200 (Tex. Crim. App. 2008); *Bouyer v. State*, 264 S.W.3d 265, 268 (Tex. App.—San Antonio 2008, no pet.).  Turnbull therefore waived any claim on appeal that the trial court erred in admitting that evidence and considering it in the adjudication proceeding.  *See Holmes*, 248 S.W.3d at 200.

The evidence adduced at the trial of cause number 65621, the capital murder trial, is summarized in our opinion in cause number 03-11-00118-CR.  *See Turnbull v. State*,

No. 03-11-00118-CR (Tex. App.—Austin Oct. 24, 2013, no pet. h.) (mem. op., not designated for publication). That evidence—including the surveillance video recording showing Turnbull shooting the victim in the back of the head and immediately stealing money from the cab company owner's office—is legally sufficient to prove by a preponderance of the evidence that Turnbull violated the conditions of his community supervision by committing the offense of capital murder and by possessing or using a firearm, as alleged in paragraphs A and B in the motion to adjudicate.

Furthermore, evidence aside from the complained-of surveillance video recording demonstrated that Turnbull possessed a firearm while he was on community supervision. First, there was a recording of a jail phone call wherein Turnbull explained to his girlfriend, Tamera Bernd, how he ended up in possession of three guns stolen from her father, two of which he sold and one that he kept—the Browning 9 mm that was used in the murder. Also in evidence was a copy of a letter Turnbull wrote to Bernd following that phone conversation, again explaining how he came to be in possession of the guns stolen from her father. In addition, Mike Ferrell, a friend of Turnbull's and co-worker of the deceased, testified that a week or two before the murder Turnbull offered to sell him a silver .357 revolver. Ferrell testified that Turnbull had the weapon and showed it to him when he offered it for sale. Thus, evidence exclusive of the surveillance video recording depicting Turnbull shooting the victim established that Turnbull possessed a firearm in violation of the conditions of his community supervision. Because proof by a preponderance of the evidence of any one of the alleged violations is sufficient to support revocation or adjudication, *see Moore*, 605 S.W.2d at 926, this evidence alone supports the adjudication of Turnbull's guilt.

6

The trial court did not abuse its discretion by revoking Turnbull's deferred adjudication community supervision and adjudicating him guilty. We overrule Turnbull's sole point of error.

## CLERICAL ERROR IN JUDGMENT

We note, however, that the judgment adjudicating guilt contains a clerical error. The judgment reflects that the trial court found that Turnbull violated the conditions of his community supervision as alleged in paragraphs A, B, C, D, E, F, G, H, I, J, and K. However, the record reflects that the State abandoned paragraph K, and the trial court did not find the violation alleged in paragraph K to be true. This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 46.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we modify the judgment to delete the trial court's finding that Turnbull violated the conditions of community supervision as alleged in paragraph K of the motion to adjudicate. *See Mendez v. State*, No. 03-11-00732-CR, 2012 WL 3601098, at *1 (Tex. App.—Austin Aug. 16, 2012, no pet.) (mem. op., not designated for publication) (modifying judgment to properly reflect trial court's findings on allegations supporting adjudication before affirming judgment adjudicating guilt in frivolous appeal under *Anders v. California*, 386 U.S. 738 (1967)).

## CONCLUSION

As modified, the judgment adjudicating guilt is affirmed.

7

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose, and Goodwin

Modified and, as Modified, Affirmed

Filed:   October 24, 2013

Do Not Publish

8